(No. 22033.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN B. COLEGROVE, Plaintiff in Error.

*Opinion filed October 21, 1933—Rehearing denied Dec. 14, 1933.*

HERRICK, J., took no part.

LOUIS GREENBERG, and CHESTER E. LEWIS, for plaintiff in error.

OTTO KERNER, Attorney General, JOHN W. COALE, State's Attorney, and J. J. NEIGER, (HARRY B. GRUNDY, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, who was president of the John B. Colegrove & Co. State Bank, was convicted in the circuit court of Christian county under the charge of receiving a bank deposit when he knew that the bank was insolvent. He was fined twice the amount of the deposit and sentenced to imprisonment in the penitentiary for not less than one nor more than three years. He brings the cause here on the common law record, urging that the act under which he was convicted is unconstitutional, and that the court erred in not quashing the indictment and in denying his motion in arrest of judgment.

In support of his first assignment he argues that the act for the protection of bank depositors, approved June 4, 1879, (Laws of 1879, p. 113,) as amended in 1903, (Laws

of 1903, p. 156,) violates section 13 of article 4 of the constitution, in that the subject of the act is not expressed in the title. He says that the act creates a new crime which is not akin to the language of the title. The purpose of the statute is to protect the public from being induced to deposit money or property with an insolvent bank. The statute is penal in its nature, yet is one enacted for the benefit of the public generally and should receive a fair and reasonable construction. (*People* v. *Tallmadge,* 328 Ill. 210.) It is not required that the title of an act be an index of the provisions contained in it. The rule is, that when the title fairly indicates the general subject and reasonably covers all the provisions of the act so as not to mislead the General Assembly or the public, it is a sufficient compliance with section 13 of article 4 of the constitution. (*People* v. *Tallmadge, supra; People* v. *Jabine,* 324 Ill. 55; *People* v. *Stacker,* 322 id. 232; *State of Illinois* v. *Milauskas,* 318 id. 198.) The provision of a penalty for receiving deposits with knowledge that the bank is insolvent is deemed an effective means of protecting bank depositors. This contention of plaintiff in error is without merit.

It is next contended that the provision of the act imposing, in addition to a fine, imprisonment in the State penitentiary not less than one nor more than three years is a delegation of legislative authority to the jury or court to make the law as to such additional punishment. This contention likewise is entirely without merit. In *People* v. *Elliott,* 272 Ill. 592, and numerous other cases, it was held that an act of the legislature fixing the limits of punishment to be imposed and empowering the court or jury to fix punishment within those limits is valid.

Plaintiff in error next makes the novel contention that the act of 1879, under the provisions of subsequent legislation, is not applicable to the officers of the John B. Colegrove & Co. State Bank, in that the latter was restricted

in its banking business to the city of Taylorville while the act of 1879 applied only to officers of banks doing a general banking business in the State of Illinois. He argues that the act of 1919 revising the laws in relation to banks and banking abolished and prohibited any bank from doing a general banking business in the State, and therefore the Colegrove bank and its officers are not in the class designated in the act of 1879. He does not contend the Colegrove bank was not a banking corporation or that the city of Taylorville is not in the State of Illinois. The act brings within its provisions "any banker or broker, or person or persons doing a banking business, or any officer of any banking company, or incorporated bank doing business in this State." Plaintiff in error and the bank of which he was president plainly fall within that provision of the act.

Counsel for plaintiff in error next says that the Banking act of 1919 repealed the act of 1879. That question was fully discussed and decided contrary to the counsel's contention in *People* v. *Gould,* 345 Ill. 288.

It is also urged that the indictment was insufficient, in that the instrument by which the deposit was evidenced was not set out in the indictment, and the averment that the bank is insolvent is a conclusion of the pleader and does not inform the defendant of the precise nature of the offense with which he is charged. The indictment charged the crime in the language of the statute, which in repeated decisions this court has held sufficient. (*Meadowcroft* v. *People,* 163 Ill. 56; *McCutcheon* v. *People,* 69 id. 601.) It is likewise a rule of pleading long established that the pleader is not required to set out his evidence.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. Justice Herrick took no part in this decision.