Phyllis Ilene Fox, Plaintiff-Appellee, v. George W. Hopkins, Defendant-Appellant.

Gen. No. 9,761.

Opinion filed May 31, 1951. Released for publication June 26, 1951.

RATCLIFF & PROCTOR, of Lewistown, for appellant.

McCONNELL, KENNEDY & McCONNELL and LACHLAN CRISSEY, all of Peoria, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

The plaintiff, Phyllis Ilene Fox, obtained a judgment for $6,000 against the defendant, George W. Hopkins, for personal injuries resulting from a collision between

two automobiles. The defendant appeals from such judgment.

On March 20, 1949, about 7 p. m., plaintiff was riding in the front seat of an automobile which she did not own or in any way have control of. The automobile was then being driven south on the westerly side of a two lane highway, by Charles Johnson. At the same time the defendant was driving his automobile north on the same highway. The two cars collided head on, on the westerly half of the pavement, at a time when the Johnson car was approaching and about 100 feet below the crest of a rather steep hill, and defendant's car had just passed over the crest and was descending. As a result plaintiff received the injuries complained of.

The undisputed evidence shows that at the time of and immediately before the collision defendant's car was being driven on the west side of the pavement. In fact, defendant, as a witness in his own behalf, testified that as the two cars approached one another, when driving 20 to 30 miles per hour, he reached down to pick up cigarettes which he had dropped on the floor of his car, and that after he "came up again" the Johnson car was "right smack in front" of him, he was "clear over on Johnson's side of the road," and the collision then occurred.

Defendant further testified that as he dropped the cigarettes he "crossed his legs down there" and set his foot on the brakes, but that the brakes stuck and pulled his car to the west, and that about a week before he had had his car overhauled but did not have any work done on the brakes.

The first contention of defendant is that the court erred in admitting over defendant's objection evidence of the intoxication of defendant at the time of the collision, although the complaint contained no charge that at the time of the collision defendant was under the influence of intoxicating liquor.

So far as is material to such contention, the complaint charged that defendant was careless and negligent in the operation of his automobile in that he negligently and carelessly failed to keep a proper lookout ahead, and that defendant's automobile was driven by defendant on the left or west half of the highway contrary to Sec. 54 of Ch. 95½ of the Illinois Revised Statutes 1949 [Jones Ill. Stats. Ann. 85.183] and that as a proximate result of one or more of such acts of negligence the automobile which he was then driving collided with the Johnson automobile.

Defendant's answer denied such charges of negligence, and charged that plaintiff's injuries were due to her negligence and the negligence of the driver of the car in which she was riding, and as an affirmative defense alleged plaintiff's injuries were due to an unavoidable accident in that the brakes on defendant's car, without his fault, were not set evenly and became locked, and because thereof he was unable to control the course of his car. Plaintiff's replication denied such allegations.

In our opinion the record contains no evidence tending to show that plaintiff or the driver of the car in which she was riding was guilty of any negligence whatever.

Defendant as an adverse witness was the first witness called by plaintiff. Counsel for plaintiff then asked defendant if he drank any intoxicating liquor on the day of the accident. Defendant's counsel objected on the ground that there was nothing in the complaint charging intoxication, which objection was overruled. Defendant's answer to the question was "No." Later, when again called by plaintiff as an adverse witness, he was asked by plaintiff's counsel if he was the George W. Hopkins who on March 21, 1949, was charged in an information filed in the County Court with driving an automobile while under the influence of intoxicating liquor on March 20, 1949. The same objection was made

and overruled and the defendant then said, "That is right." Plaintiff, over the same objection, was then permitted to show by defendant that on March 30, 1949, defendant pleaded guilty to such charge. Later a witness for plaintiff, over the same objection, was permitted to testify that shortly after the accident he smelled liquor on defendant's breath, and another witness was permitted to testify that the next morning after the accident the defendant said to such witness, "It was my fault. I was dead drunk that night. I didn't know where I was at and I was looking for a pack of cigarettes on the floor board of my car."

The defendant as a witness in his own behalf testified that he did not "recall" making such quoted statement, and that he pleaded guilty in justice court because he did not want to lay in jail.

The only Illinois case called to our attention in which a somewhat similar question of pleading has been raised is *Blake v. Ewers,* 341 Ill. App. 382, reported as an abstract decision. There the jury found the defendant not guilty. The trial court, over the objection of plaintiff, permitted the defendant to introduce evidence that the plaintiff was intoxicated at the time he was injured by being struck by defendant's car. On appeal by the plaintiff the Appellate Court held that such testimony of intoxication was inadmissible under the answer filed by defendant as no charge of intoxication was set forth therein. In so holding the Appellate Court said: "Section 167, paragraph 43, Sub-paragraph 4 of the Practice Act provides that the facts constituting any affirmative defense and any defense which by other affirmative matters seeking to avoid the legal effect or defeat the cause of action set forth in the plaintiff's complaint in whole or in part and any ground or defense whether affirmative or not which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise must be plainly set forth

in the answer or reply. This requirement of the Civil Practice Act was designed to avoid the very controversy that has arisen in this case.''

The Civil Practice Act (Ch. 110, Ill. Rev. Stat. 1947) does not contain any similar requirement as to a complaint, but merely provides (Sec. 33, Par. 157) [Jones Ill. Stats. Ann. 104.033] that ''All pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply, . . . '' and that ''Pleadings shall be liberally construed with a view to doing substantial justice between the parties.''

Few cases from other States have been called to our attention in which such question of pleading has been raised. Cases supporting the defendant's contention are: *Law v. Gallegher* (Delaware Supreme Court) 197 Atl. 479; *Surkey v. Smith* (Tex. Civ. App.), 136 S. W. (2d) 893, and *Lubliner v. Ruge,* 21 Wash. 881, 153 P. (2d) 694. Contrary holdings are: *Jones v. Cary,* 219 Ind. 268, 37 N. E. (2d) 944; Southwestern Bell Telephone Co. v. Ferris (Tex. Civ. App.), 89 S. W. (2d) 229; *Milhouse v. Stroud,* 134 S. C. 17 (Supreme Court of South Carolina), 131 S. E. 619; *Sharpton v. Railway Co.,* 72 S. C. 172, 51 S. E. 553; *Shelton v. Railway,* 86 S. C. 102, 67 S. E. 899; *Bates v. Tirk,* 147 Ore. 105, 31 P. (2d) 525; *Kirby v. Turner-Day & Woolworth Handle Co.,* 50 F. Supp. 469, *Heald v. Milburn,* 125 F. (2d) 8, and *Northern Pac. R. Co. v. Craft,* 69 Fed. 124.

The *Milhouse* case *supra* was a case in which the specific objection was raised and the court there held that testimony of intoxication of a defendant was admissible although not pleaded. In so holding the court quoted to the same effect from the other two South Carolina cases above cited, and then said: *''These rulings are in accord with common sense and justice.''* (Italics ours.)

409

It is our opinion that such italicized words are particularly applicable to the facts and pleadings in the instant case.

■ Having so pleaded guilty, the defendant cannot now very persuasively contend that he was taken by surprise by the offer and admission of such evidence. It is our opinion that such testimony was material and evidentiary in its nature the same as was the condition of the road, whether dry or slippery, and the condition of the weather, whether dark or light or clear or foggy, and that such testimony was therefore admissible as tending to prove negligent conduct of the defendant as charged, although not specifically pleaded. (See *People v. Colegrove,* 354 Ill. 164; *South Chicago City Ry. Co. v. Purvis,* 193 Ill. 454; *Illinois Central R. R. Co. v. Aland,* 192 Ill. 37, and *North Chicago St. Ry. Co. v. Cotton,* 140 Ill. 486.)

Defendant contends the court erred in admitting, over the objection of defendant, evidence of doctor and hospital bills incurred by plaintiff during her minority, and her loss of earnings during such time, the objection being lack of proof of emancipation.

As stated the collision occurred on March 20, 1949, which was about seven months before she became of legal age on October 10, 1949. The doctor bill was $307.25 and the hospital bill was $139.80. She testified that after attaining her majority she promised the doctor and hospital to pay such bills when she got the money, and that she intended to pay them.

The complaint was filed on May 19, 1949, by her father as next friend and alleged that plaintiff as a result of the accident incurred medical and hospital bills in attempting to be cured, but did not allege loss of earnings. The defendant's answer merely denied such allegations but did not allege lack of emancipation as a defense. When the trial began on March 29, 1950, the complaint was amended so as to state the plaintiff had attained her majority by striking out of

410

the complaint the words "a minor . . . by her father as next friend." On March 30th the complaint was further amended so as to charge loss of earnings. Defendant's only objection to the filing of such amendment was that loss of earnings was not charged in the original complaint, and that the defendant was taken by surprise. Defendant filed no answer to such last amendment.

The only testimony as to emancipation was elicited from the plaintiff and was uncontradicted.

Apparently at all times prior to attaining her majority the plaintiff lived with her parents. For quite sometime prior to and at the time of her injury she had been gainfully employed as a waitress away from home, and at times after receiving the injury was so employed. She testified that the money so earned by her she used in buying her clothes, for bus fares and other personal expenses, and that she was not furnished any money by her father, but that sometimes she helped her mother in the housework. She was not cross-examined on the subject.

Defendant's brief states "An examination of the cases will show that the courts have denied recovery by the child in order to prevent a double recovery for these items, as a suit by the child, the parent not being a party thereto, would not bar recovery by the parent."

It is our opinion that by reason of the father having so filed and prosecuted the suit until the trial began, he is estopped from recovery for such medical and hospital bills.

■ In view of the pleadings and the foregoing undisputed testimony, it is our opinion there is no merit to such last contention of the defendant. (See *Rubin v. Strandberg*, 288 Ill. 64; *Iroquois Iron Co. v. Industrial Comm.*, 294 Ill. 106.)

The defendant contends the verdict and judgment are excessive. The verdict was for $7,500. The trial court required a remittitur of $1,500 and then entered

judgment for $6,000. The record does not show why the remittitur was required.

As a result of the collision plaintiff was severely injured. She had abrasions on her pelvis. Her left knee cap was ''shattered'' into three separate pieces. By means of an incision the middle fragment was removed and the two other fragments were sutured together, and her left leg was then placed and thereafter remained in a cast until May 1st. Ever since the collision her left knee has been swollen and was swollen at the time of the trial. At the time of her last examination by the doctor on June 21, 1949, her left leg had a flexion of 100 degrees or a loss of about 20% of the normal flexion. After the collision she was in the hospital for nine days and thereafter remained in bed at home for four weeks.

She testified that when she first started to work after the accident she had to quit work after two weeks because her leg hurt her, that about a month thereafter she worked for two months and had to again quit work because her leg hurt, and that she then stayed home five weeks and rested, that at the time of the trial she could not get on her knees and could not put weight on the knee cap, that whenever the weather changed her knee pained her, and that since the accident she became and was very nervous.

It is our opinion that we cannot properly hold that the judgment was excessive.

Defendant's last contention is that the court erred in the giving and refusing of instructions. We consider it sufficient to say that in view of the foregoing holdings it is our opinion there is no merit to such last contention.

The judgment appealed from is affirmed.

*Affirmed.*