## Ray E. Shore, Plaintiff-Appellant, v. Dean P. Turman, Defendant-Appellee.

### Gen. No. 10,629.

Fourth District.

September 9, 1965.

Le Forgee, Samuels, Miller, Schroeder & Jackson, of Decatur (Carl R. Miller and Jerald E. Jackson, of counsel), for appellant.

Greanias & Owen, of Decatur, for appellee.

SMITH, P. J.

Plaintiff appeals from a judgment entered on an adverse verdict of the jury in a personal injury suit arising out of an automobile accident and the court's denial of his motion for new trial. The sole question is the alleged error of the trial court in giving two instructions on intoxication where intoxication is not made a specific issue in the pleadings, where it has a bearing only on the issue of plaintiff's due care and where, it is said, there is no evidence to support its giving.

Both instructions tendered by the defendant and given by the court are found in Illinois Pattern Instructions. Defendant's No. 8 is IPI No. 150–15 and reads as follows:

> "A person is 'intoxicated' when as a result of drinking alcoholic liquor there is an impairment of his mental or physical faculties so as to diminish his ability to think and act with ordinary care."

Defendant's No. 7 is IPI No. 12.01 and reads as follows:

> "Whether or not a person involved in the occurrence was intoxicated at the time is a proper question for the jury to consider together with other

facts and circumstances in evidence in determining whether or not he was [negligent] [contributorily negligent]. Intoxication is no excuse for failure to act as a reasonably careful person would act. An intoxicated person is held to the same standard of care as a sober person."

No criticism is directed to either the form or the content of these instructions. Plaintiff's position, simply stated, is that it is error to give these instructions where there is no evidence of intoxication, opinion or otherwise, to support them. Defendant's position is that where there is evidence of drinking or of the use of intoxicating liquor prior to an accident, there is an evidentiary foundation for these instructions. The issue it would seem is deeper than a mere didactic exercise in semantics.

■ The accident happened shortly after midnight on U. S. 36 out of Decatur. The highway is a four-lane highway with two eastbound lanes and two westbound lanes separated by a grassy median strip some 40 feet in width the lowest portion of which was a little over 3 feet below the surface of the highway. The defendant was in the right-hand eastbound lane with his wife and three small children in the car with him. He was traveling about 55 miles per hour. Plaintiff, with two passengers in the front seat with him, was traveling in the same direction at a speed of 60–70 miles per hour, moved over into the left lane and started to pass. These three testified that the defendant suddenly swerved partially into their lane in front of the plaintiff's car and forced it off the pavement and onto the grassy median. It crossed a concrete turnabout and struck a bridge abutment beyond, turned over, and inflicted serious and permanent injuries on the plaintiff. Both defendant and his wife testified that their car was never in the left eastbound

lane and that the first warning they had of plaintiff's car was when its lights illuminated the interior of theirs. There was no contact between the two automobiles. Defendant went on up the road, turned around and returned to the scene of the accident. Without detailing other apparently conflicting circumstances, it is sufficient to say that the jury was confronted with a choice between two squarely diverse views on an important ultimate fact. The credibility of the witnesses and the weight of their testimony was a difficult one for the jury. Where such is the case, precision, care, and accuracy in instructions assume a more than ordinary significance. Rasmussen v. Wiley, 312 Ill App 404, 39 NE2d 57; Sharp v. Brown, 349 Ill App 269, 110 NE2d 541; Handell v. Chicago Transit Authority, 30 Ill App2d 1, 173 NE2d 529.

The nature, extent, and the volume of plaintiff's libations enter the case through his lips and those of his witnesses. Plaintiff was unmarried, 24 years of age, a pipeline construction worker and roomed with two co-workers in Maroa, Illinois. They got off work around 7:30–8:00 p. m., went to El Roa Inn for dinner, and played a game or two of skill pool. It was here that plaintiff had his drinks. In answer to interrogatories, he had stated that "from 8:30 to 10:30 I drank 4 to 6 bottles of beer and ate dinner." On direct examination, he stated "I had 4 bottles of beer—the small eight-ounce bottles." This was corroborated by one of his co-workers. About 10:30 they went to Mason's restaurant. No drinks were served there. Some of the folks had coffee and sandwiches. Plaintiff stated that he had some—the others were not too specific about what he had to eat. About midnight Shirley Mason and Mrs. Gowan left with the plaintiff in his car to take Shirley home. Enroute the accident happened. Mr. Mason, the proprietor of the restaurant; Mrs. Gowan, his daughter; Shirley Mason, his

sister-in-law; and one Atterberry, a co-worker of the plaintiff's, all testified, with characteristic differences in the choice of words, that the plaintiff was not under the influence of alcohol; that his gait was normal; his speech coherent and clear, and his actions and attitude normal. All had known him and seen him over a period of several weeks and he was dating Mrs. Gowan on occasion. There is no specific evidence to the contrary and none on the subject was offered by the defendant. In this state of the record, should the instructions on intoxication have been given? We think not.

 We cannot quarrel with the proposition that a party has a right to have the jury instructed on his theory of recovery or defense. Equally entrenched in our law is the proposition that the lifeblood of a legal theory is facts and if there are no facts supporting the theory, it is error to instruct on that theory. Crutchfield v. Meyer, 414 Ill 210, 111 NE2d 142; Magill v. George, 347 Ill App 6, 105 NE2d 808; 35 Illinois Law and Practice, "Trial," ¶ 233. To inject into a case by way of instructions an issue not fairly presented by the pleading and the evidence in the case is reversible error. Turner v. Seyfert, 44 Ill App2d 281, 194 NE2d 529; Chism v. Decatur Newspapers, Inc., 340 Ill App 42, 91 NE2d 114; Chevalier v. Chicago Transit Authority, 338 Ill App 119, 86 NE2d 838. Where there is no evidence of intoxication of the plaintiff, the giving of an instruction dealing with contributory negligence on the ground of intoxication is reversible error. Jurney v. Lubeznik, 54 Ill App2d 372, 204 NE2d 166. It is not error to refuse IPI 12.01 where one witness testified that the plaintiff had been "drinking" but that it was his opinion that plaintiff was "sober," the court saying, "From the record it is clear that there was no evidence before the jury to establish that plaintiff was intoxicated at or immediately prior to the time

of the collision." Royer v. Graham, 45 Ill App2d 22, 31, 195 NE2d 244, 249.

We thus come face to face with the situation where the trial court defined "intoxicated" and explained the legal effect of "intoxication" as it relates to due care where every witness who testified on the subject denied its existence. Reference to Dramshop cases or criminal cases involving intoxication are neither controlling nor persuasive. In such cases, intoxication is the crux of the case; it is an issue in the case; its presence is a necessary part of the case, and it should be defined in such cases. People v. Schneider, 362 Ill 478, 200 NE 321; Navarro v. Lerman, 48 Ill App2d 27, 198 NE2d 159. It is reversible error not to define intoxication in a civil suit for damages where the evidence supports the charge and where one of the charges of negligence was violation of the statute which prohibits driving a motor vehicle while intoxicated. Mann v. Matz, 345 Ill App 414, 103 NE2d 512. It is but fundamental that the trial court should define the law where intoxication is made a basic issue in the case through specific pleadings, and there is evidence to support the issue. Patently and clearly this is not the situation now before us.

Here plaintiff alleged the exercise of due care and caution on his part. Defendant denied it. Issue was properly joined on the conduct of the plaintiff. Plaintiff was not required in his pleadings to negate specifically ad infinitum various and sundry facts which might be said to affect his due care. Neither was the defendant required to affirmatively plead the use of intoxicating liquor as a bar to recovery. To be a factor in appraising the conduct of an individual, the use of intoxicating liquors must be such as to impair his mental or physical faculties to the extent that it diminishes his ability to think and act with ordinary care. It must have some reasonable

factual support in the evidence before the court should properly define for the jury when a person is intoxicated and the effect thereof on the issue of contributory negligence. Drinking, standing alone, cannot be equated with intoxication nor can the use of alcoholic liquor, standing alone, characterize a person as intoxicated. In addition, there must be an impairment of mental and physical faculties with the resultant diminution in the ability to think and act with ordinary care. It is these elements which are negated by the testimony of the plaintiff and four other witnesses. There is no quarrel with the instructions when posited in the proper atmosphere. That atmosphere is not present here. The atmosphere required is some act, action, conduct, appearance, observation, or circumstance shown by the evidence to point squarely to the conclusion, either directly or by reasonable inference, that the conduct of the individual at and before the accident was or may have been affected by the use of alcoholic beverages. In its absence, an instruction on intoxication operates in a factual vacuum. In its absence a jury indulges in pure speculation. We find nothing in the record in this case from which a jury could reasonably infer conduct affected by the use of alcoholic beverages. Royer v. Graham, 45 Ill App2d 22, 195 NE2d 244. In our judgment, the instructions given here were designed to be given where intoxication is an issue by the pleadings and there is evidence to support the issue or where it is properly an issue without specific pleading and there is evidence to support it. Here it was error to inject the issue of intoxication into the record through the medium of instructions without a factual foundation.

 Few trials are immaculate and it is not every error that requires that a trial be redone. However, "Where error is shown to exist, it will compel reversal, unless the record affirmatively shows that

the error was not prejudicial." Duffy v. Cortesi, 2 Ill2d 511, 517, 119 NE2d 241, 245; Savage v. Blancett, 47 Ill App2d 355, 198 NE2d 120. The question of liability in this case hinges on divergent evidence as to occurrence events. We cannot say that the instructions given here may not have affected the jury verdict. Accordingly, this case must be and it is reversed and remanded for new trial.

Reversed and remanded.

TRAPP and CRAVEN JJ., concur.