Beulah Patarozzi, Administrator of the Estate of Max Patarozzi, Deceased, Individually and as Personal Representative and Next Friend of Gary Eugene Patarozzi, Ricky Allen Patarozzi and Cynthia Ann Patarozzi, Minors, Plaintiff-Appellee, v. Prairie States Oil & Grease Company, a Corporation, and Allison Carter, Defendants-Appellants.

**Gen. No. 65–51.**

Third District.

May 25, 1966.

Rehearing denied July 21, 1966.

Dixon, Devine, Ray & Morin, of Dixon, and Hupp & Irion, of Ottawa, for appellants.

McNeilly & Oliver, of Peru, for appellees.

CORYN, P. J.

This is an appeal from a judgment on a maximum verdict against defendant for the wrongful death of one Max Patarozzi and for the additional expense of $1,085.-70 for his burial. The complaint was filed by decedent's

widow, in her individual capacity, and as administrator of decedent's estate. The evidence shows that death resulted from injuries sustained October 12, 1962, when an automobile operated by Max Patarozzi on Main Street in Seneca collided at the intersection of Union Street with a truck owned by defendant, Prairie States Oil & Grease Company. At the time of the collision, the truck was being driven onto Main Street from Union Street by Allison Carter, an employee of defendant corporation. During the course of the trial, witnesses for defendant testified that immediately prior to the fatal collision, which occurred at night, decedent had been driving his vehicle down Main Street, which was dimly lighted, toward Union Street, in excess of the speed limit and without headlights or taillights being lit. Because objections by plaintiff to certain testimony regarding decedent's sobriety were sustained, defendants made an offer of proof by various witnesses to the effect during the four or five-hour period prior to the time of the collision, plaintiff's decedent had visited several taverns in the area where he consumed substantial quantities of alcoholic beverages. The evidence on this issue was excluded by the trial court on the ground that even assuming decedent to have been intoxicated, such fact could not "have contributed to this accident over and above what we presently know now that he [decedent] was speeding, if he was, and his lights were out. . . . Proving that he was dead drunk proves nothing in this case—he was on his own side of the road without his lights on—and dead drunk adds nothing to your case." Defendants; who perfected this appeal, claim that the foregoing ruling of the court excluding evidence of intoxication constitutes prejudicial error, and they, accordingly, seek a new trial or judgment notwithstanding the verdict.

We think it apparent that the trial court erred in deciding, as a matter of law, that intoxication, if

proved, should not be considered by the jury in determining whether plaintiff's decedent was acting with due care for his own safety at the time of the fatal accident. The issue of contributory negligence was for the jury to determine. It is well recognized that "one may be contributorily negligent where he is voluntarily intoxicated to such an extent that his intoxication prevents him from taking proper care and caution to avoid injury to himself." 28 ILP, Negligence, § 142. "A person threatened with a peril caused by the negligence of another is bound to exercise his intelligence and activity in full measure to avoid injury therefrom, and if it appears that from voluntary drunkenness he has deprived himself of the capacity so to do, and as a result has suffered an injury, he will be denied legal redress therefor on the ground of contributory negligence. . . . Intoxication defeats a recovery by the plaintiff for negligence only insofar as it affects the care which he takes for his own safety. Thus, evidence of plaintiff's intoxication is admissible, not as establishing contributory negligence in itself unless it shows that the drunkenness was in such degree as to cause loss of control of the muscles and senses, but as a circumstance to be weighed by the jury in their determination of the issue whether or not plaintiff exercised ordinary care for his own safety." 38 Am Jur, Negligence, § 203, at 883. In Fox v. Hopkins, 343 Ill App 404, 99 NE2d 363, 26 ALR2d 352, evidence of the defendant's intoxication at the time of the automobile collision was admitted notwithstanding the fact that no charge of intoxication against the defendant was made in the plaintiff's complaint. The Appellate Court, in deciding that this evidence was properly admitted by the trial court, stated:

"It is our opinion that such testimony was material and evidentiary in its nature, the same as was the condition of the road, whether dry or slippery, and

158

the condition of the weather, whether dark or light or clear or foggy, and that such testimony was therefore admissible as tending to prove negligent conduct of the defendant as charged, although not specifically pleaded."

Whether the fact of intoxication, if proved, would or would not have "added anything" in the case at bar, was manifestly a question for the jury. It was for the jury to determine if evidence of decedent's intoxication, considered with other evidence in the case regarding decedent's behavior, constituted a lack of due care on the part of decedent.

In cases where negligence or contributory negligence by reason of intoxication is an issue, IPI Instruction No. 12.01 normally should be given in conjunction with IPI 150.15. IPI No. 12.01 reads as follows:

"Whether or not a person involved in the occurrence was intoxicated at the time is a proper question for the jury to consider, together with other facts and circumstances in evidence, in determining whether or not he was [negligent] [contributorily negligent]. Intoxication is no excuse for failure to act as a reasonably careful person would act. An intoxicated person is held to the same standard of care as a sober person."

IPI Instruction No. 150.15 defines intoxication in these words:

"A person is 'intoxicated' when, as a result of drinking alcoholic liquor, there is an impairment of his mental or physical faculties so as to diminish his ability to think and act with ordinary care."

■■ We conclude that the evidence regarding decedent's sobriety should have been admitted, and that

159

the foregoing instructions should have been given to the jury. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.