Herget National Bank, Admr. of the Estate of Clifford V. Talbott, Deceased, Plaintiff-Appellant, *v.* Julius Zeeck *et al.,* d/b/a Manito Hardware Co. *et al.,* Defendants-Appellees.

(No. 70-129;

Third District—June 10, 1971.

Elmo E. Koos, of Peoria, for appellant.

Richard Quinn, of Peoria, and Lemmer, Velde, Boggs & Krebaum, of Havana, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is a wrongful death action arising from the death of Clifford Talbott as a result of the alleged negligence of Martin Stamping and Stove Company and Julius Zeeck and Pearl Zeeck, d/b/a Manito Hardware Company, Defendants-Appellees. Judgment was entered by the Circuit Court of Fulton County on the verdict of a jury against plaintiff and in favor of each defendant and post trial motions were denied.

In December, 1961, Clifford Talbott purchased a bottled gas space heater from defendants Julius Zeeck and Pearl Zeeck, d/b/a Manito Hardware Company, Manito, Illinois. The heater was manufactured by defendant, Martin Stamping and Stove Company. Talbott installed the heater in his cabin on Anderson Lake with the help of one Preston.

In January, 1962, Talbott invited five friends to the lake. When they failed to return as expected it was discovered that Talbott and his five friends had died while sleeping as a consequence of carbon monoxide poisoning. The alleged cause of the carbon monoxide accumulation in the cabin was the improper installation of a vent pipe for the stove. According to the testimony the vertical section of the vent pipe on the outside of the cabin did not extend above the peak of the roof thereby permitting back pressure to force the products of combustion into the cabin.

The complaint alleged that defendant Martin Stamping and Stove Co. was negligent with respect to its instructions, advice and warning accompanying the heater. According to the complaint Zeeck was negligent in instructing the plaintiff on the proper installation of the stove and in particular indicated that he advised that so long as the vent was high enough to prevent snow from getting into it, it would be satisfactory.

In a companion case brought in behalf of Harley Wallinger, one of the guests in Talbott's cabin, we held in *Wallinger v. Martin Stamping and Stove Company*, 93 Ill.App.2d 437, 236 N.E.2d 755, that the trial court erred in directing a verdict against the plaintiff in favor of Martin Stamping and Stove Company. It was our holding that conflicting inferences could be drawn from the various provisions of the pamphlet which accompanied the stove sufficient to justify the submission of defendant's alleged negligence to the jury. The opinion in the *Wallinger* case is referred to for a more complete statement of the facts underlying the alleged negligence of Martin Stamping and Stove Company.

Plaintiff's first three assignments of error relate to allegedly improper rulings regarding testimony. However as pointed out by defendants such alleged errors were not specified in plaintiff's post trial motion and they were therefore not preserved for appeal.

■■ As specified by ch. 110, par. 68.1 (2), Ill. Rev. Stat. (1969), alleged

errors relied upon for reversal must be specified in the post trial motion. It is beyond dispute that plaintiff's post trial motion contains only a general allegation similar to that found insufficient in *Holt v. A. L. Salzman & Sons,* 88 Ill.App.2d 306, 232 N.E.2d 537; *Lawler v. Pepper Construction Co.,* 33 Ill. App. 2d 188, 178 N.E.2d 687 and *Perez v. Baltimore and Ohio R. Co.,* 24 Ill.App.2d 204, 164 N.E.2d 209. Plaintiff argues that the insufficiency of his post trial motion is of no moment because the trial court knew what he was talking about. On this score it might be sufficient to say that the record fails to support any such contention but more importantly the rule does not contain any such exception and no reason is perceived why such an exception is proper. In the case at bar the reasons for the rule become even more significant when as appears from the record, the motion for new trial was not heard by the trial court until more than three years had elapsed from the date the motion was filed. Accordingly it is our conclusion that errors in the admission of evidence were not properly preserved and may not be considered on review.

■■ Plaintiff next argues the court committed reversible error in refusing to give plaintiff's instruction 12 (IPI—Civil 10.08) dealing with evidence of careful habits of the deceased. As indicated in the notes on use to this instruction, "This instruction can be given only in a negligence or willful or wanton action based on the Wrongful Death Act when there are no witnesses to the occurrence, other than defendant, covering the entire period in which the decedent must be in the exercise of ordinary care." Defendants objected to the giving of the instruction because there was eye witness testimony by one Preston concerning Talbott's installation of the stove. In fact the eye witness Preston, is the same person who testified concerning Talbott's careful habits, there being no objection to such opinion at the time it was expressed. In *Zelder v. Durham,* 33 Ill.App.2d 273, 179 N.E.2d 34, relied upon by plaintiff, the court held the failure to give a similar instruction was reversible error, the court however predicated its opinion on the fact that evidence of careful habits was properly admitted. In the case at bar evidence of careful habits was not relevant and even though not objected to such evidence could not appropriately form the basis for the proffered instruction. Under the facts we hold the court committed no error in its refusal of the instruction.

Lastly plaintiff argues the evidence is insufficient to support the jury's verdict.

■■ In our opinion in *Wallinger v. Martin Stamping & Stove Company, supra,* we held there were conflicting inferences which could be reasonably drawn from the evidence sufficient to support a judgment in favor

of the plaintiff on her cause of action against Martin Stamping & Stove Company. Such a holding necessarily implied that if the conflicting inferences were unfavorably resolved against plaintiff a verdict against plaintiff would have been supported by the evidence. In viewing the evidence on plaintiff's claim in the case at bar against defendant Martin Stamping & Stove Company, we find no reason for departing from our previous conclusion on this issue and consequently find no merit to the assertion that evidence is insufficient to support the jury's verdict in favor of Martin Stamping & Stove Company.

■■ Plaintiff has recognized the implications of our opinion in *Wallinger* and on this appeal plaintiff has dwelt at length on the cause of action against Zeeck. However in our view such emphasis merely demonstrates that there are additional questions of fact which could be resolved either favorably or unfavorably to plaintiff. Without detailing the evidence on the cause of action against Zeeck it is sufficient to say that there is conflict as to what instructions, advice or warnings Zeeck may have given Talbott and as related to all causes of action conflicting inferences may be drawn as to what instructions or warnings Talbott followed if any. Under such circumstances the conflicting evidence and conflicting inferences were sufficient to require resolution by the jury and to support its findings in favor of the defendants.

For the foregoing reasons the judgments of the Circuit Court of Fulton County are affirmed.

Judgments affirmed.

ALLOY, P. J., and SCOTT, J., concur.