VICTOR E. BIEHLER, Plaintiff-Appellant, *v.* WHITE METAL ROLLING & STAMPING CORPORATION *et al.*, Defendants-Appellees.

Third District No. 78-122

Opinion filed November 29, 1978.

Jerome Mirza and Associates, Ltd., of Bloomington, and Glenn J. Church, Ltd., of Peoria, for appellant.

R. Michael Henderson, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellees.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
This appeal is a sequel to an earlier decision in which we reversed a judgment entered in favor of the defendants, White Metal Rolling and Stamping Corporation and Sears, Roebuck and Company, and remanded

the cause for a new trial primarily because of the trial court's wrongful impeding of discovery by the plaintiff, Victor E. Biehler. (*Biehler v. White Metal Rolling & Stamping Corp.* (3d Dist. 1975), 30 Ill. App. 3d 435, 333 N.E.2d 716.) The underlying action was a product liability action for injuries sustained by the plaintiff when a ladder, upon which he was standing and which was manufactured by defendant White Metal and sold by defendant Sears, tipped over. After retrial, a jury again found for the defendants. In appealing, the plaintiff raises a number of issues dealing with a variety of trial court rulings. Therefore, instead of fully setting out the entire trial proceeding, the relevant facts will be discussed as the issues are determined.

Before discussing the issues raised by the plaintiff, the defendants argue that every one of the plaintiff's issues are waived by reason of the failure of the plaintiff to specify the grounds in support of the points raised in his post-trial motion. A post-trial motion must contain, not only the points relied upon, but it must also particularly specify the grounds supporting those points. (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(2).) The question here is how specific does the post-trial motion have to be. A search of the record indicates that the plaintiff's motion, while not specifying any supporting law, did clearly set out and specify the rulings of the trial court alleged to be erroneous.

■■ We believe the plaintiff's post-trial motion was sufficient to preserve the alleged errors because it indicates with sufficient particularity the grounds upon which the post-trial motion is based, and thereby affords the trial court an opportunity to correct its errors. Section 68.1 does not require that a post-trial motion be made in the form of a brief or argument. (*Tabor v. Tazewell Service Co.* (3d Dist. 1958), 18 Ill. App. 2d 593, 153 N.E.2d 98.) The cases cited by the defendants indicate that the specification of grounds referred to in the statute does not mean a briefing or citing of the applicable law, but requires the designation by the movant of a particular error as opposed to making a general allegation of error. (See *Sny Island Levee Drainage District v. Meyer* (1963), 27 Ill. 2d 530, 190 N.E.2d 356; *Herget National Bank v. Zeeck* (3d Dist. 1971), 132 Ill. App. 2d 995, 271 N.E.2d 84; and *Perez v. Baltimore & Ohio R.R. Co.* (1st Dist. 1960), 24 Ill. App. 2d 204, 164 N.E.2d 209.) Accordingly, we find that the issues now raised by the plaintiff are preserved for consideration on this appeal.

■■ The first of these issues to be considered is whether the trial court erred by excluding two of plaintiff's witnesses who were to testify concerning similar occurrences. Evidence of this type is admissible to establish that the cause of each incident was a dangerous or unsafe condition of a product. (*Charleston National Bank v. International Harvester Co.* (4th Dist. 1974), 22 Ill. App. 3d 999, 317 N.E.2d 585.) To that extent, the testimony is relevant and should have been admitted.

■■ The defendants argue that this evidence was put before the jury in any event because the defendants' expert witness testified that a number of claims had been filed by people throughout the country alleging injury while using the same design of ladder and that some of these claims dealt with lack of stability, and therefore, any error the trial court made concerning the exclusion of these witnesses was harmless. Every erroneous ruling against a party prejudices that party in the eyes of a jury. Since the burden of proof in a civil case is a mere preponderance of the evidence, each and every ruling potentially tips the scales of justice and therefore can not be considered harmless, particularly in a rather complicated case for the jury such as this involving many such adverse rulings. As a result, the judgment in this cause must be reversed and the cause remanded for a new trial.

A great deal of confusion surrounds the other evidentiary rulings of the trial court, specifically the exclusion of the testimony of the plaintiff's expert witness as to tests performed after May 17, 1977, and the exclusion of two ladders sought to be produced as exhibits of safe designs which could have been utilized by the defendants. Apparently, the ladders were excluded because they were purchased after the May 17 date. The record also discloses a statement by the trial court from which it may be inferred that an additional reason for the exclusion of these ladders was the failure of the plaintiff to comply with a motion to produce on the morning the cause was set for trial certain other ladders which had been tested by the plaintiff's expert witness. These ladders were not produced. Instead, the plaintiff sought to admit the two ladders in question.

According to the trial court and the defendants, the significance of the May 17 date was that on that date, a mere two weeks before trial, the defendants deposed the plaintiff's expert witness and during the deposition that witness repeatedly stated that he did not intend to perform any additional tests prior to the trial. Relying on these statements, the defendants failed to protect themselves from surprise by seeking a continuing discovery order.

Since the cause will be remanded, and certainly we expect the omissions by both parties will be rectified, we need not decide whether these rulings by the trial court were error. However, on retrial, the trial court, when determining the admissibility of ladders as exhibits to show the feasibility of such designs at the time of the plaintiff's accident, should consider this court's decision in the earlier appeal. *Biehler v. White Metal Rolling & Stamping Corp.* (3d Dist. 1975), 30 Ill. App. 3d 435, 333 N.E.2d 716.

Finally, the instruction issue raised by the plaintiff has no merit. The comments to Illinois Pattern Instructions, Civil, No. 5.01 (2d ed. 1971) (hereinafter IPI) indicate that a failure to produce testimony within the control of a party creates a presumption that the evidence if produced,

would have been adverse to that party, that the presumption does not apply if the evidence is equally available to the parties, but a biased witness, such as a relative, is not equally available to the parties, and that expert testimony is no exception to the rule.

Here, the witness not produced is the plaintiff's son, a metallurgical engineer who had performed tests on the ladder. Therefore, the trial court properly gave IPI Civil No. 5.01 (2d ed. 1971). Nevertheless, the plaintiff argues, the testimony of this witness would not be relevant. Relevance of the testimony will be considered by the court upon objection by the defendant. But the only way to avoid the instruction is to produce the witness.

Accordingly, the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded for a new trial not inconsistent with this opinion.

STOUDER and SCOTT, JJ., concur.