*In re* MARRIAGE OF MELINDA SWIFT, Petitioner-Appellee, and LOREN J. SWIFT, Respondent-Appellant.

Third District   No. 78-475

Opinion filed September 19, 1979.

Jill Bernstein, Barry R. Bruhn, and Bernard H. Shapiro, all of Prairie State Legal Services, Inc., of Ottawa, for appellant.

Larry Hofreiter, of Ottawa, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Melinda Swift, the petitioner-appellee herein, and Loren J. Swift, the respondent-appellant, were divorced on March 22, 1977, in the Circuit Court of La Salle County. The divorce decree awarded the custody of the four minor children of the parties to their mother Melinda Swift. Thereafter on February 10, 1978, the custody of three of the children was changed to the father Loren J. Swift pursuant to a stipulation between the parties. The petitioner Melinda Swift stipulated that conditions since the entry of the divorce decree had changed so that to leave those three of the children in her custody would not be equitable, that their father Loren J. Swift was better able to rear the children, and that the three children's welfare required the change in custody. On June 14, 1978, Melinda Swift, hereafter referred to as the petitioner, filed a petition for modification of the divorce decree to change custody back to herself. In support of her petition she also filed her affidavit in compliance with Ill. Rev. Stat. 1977, ch. 40, par. 610(a). Several attempts were made by the petitioner to give notice of the pendency of her petition to modify the divorce decree changing custody to her and of the date of the hearing thereon. Service of the petition was attempted upon Loren J. Swift at "The Farm," a spiritual community near Summertown, Tennessee, where he was allegedly living. The notice of the hearing was returned by the local sheriff noting that Loren Swift could not be found there. Next the petitioner sent notice to her former husband by regular mail to his last three known possible addresses. Subsequent to the mailing of those notices the respondent's father wrote a letter to the petitioner's attorney indicating that he had received one of the notices but did not know the whereabouts of his son,

Loren J. Swift. The hearing on Melinda Swift's petition to change custody of the children back to her was thereafter held on July 24, 1978, five days after her last attempt to give notice of the pending action to her former husband. At the hearing the petitioner testified that she had made every reasonable attempt to notify her ex-husband of the hearing but could not locate him. Following the ex parte hearing the court ordered that custody of the children be changed and awarded custody of all the children to the petitioner, their mother. At the conclusion of the same hearing the court also entered a rule on the respondent to show cause why he should not be held in contempt of court for his violation of a pre-existing court order to pay support. Hearing on the rule to show cause was set for July 31, 1978. At the same time the trial court ordered the respondent to pay additional child support of $25 per week per child to begin July 24, 1978, even though he still had physical custody of the children at that time. On July 31, 1978, an order was entered finding the respondent in contempt of court. On August 23, 1978, the respondent filed a motion to open or vacate the July 24, 1978, order depriving him of the custody of the three children. His motion asserted that he had legal and equitable defenses to his wife's petition to modify the decree changing child custody as well as his financial inability to attend the hearing in Ottawa, Illinois, or to consult an attorney prior to July 31, 1978. The trial court denied respondent's motion following a hearing thereon and he has appealed from that order.

Respondent has presented three issues for review: Did the trial court act improperly by proceeding to a hearing on the petition to modify the divorce decree to change child custody without the respondent Loren J. Swift receiving actual notice; did the trial court err in finding the respondent in contempt of court for violation of a pre-existing order of child support; and did the trial court err in ordering future child support to be paid by the respondent even though the children were still physically in his custody.

■■ At the outset the litigants have conceded during oral argument that the respondent Loren J. Swift was not in wilful contempt of court. In light of this concession we agree with the respondent that the July 31, 1978, order holding him in contempt of court should be reversed.

The respondent urges us to accept his argument that the order modifying the child custody in this case is null and void because the trial court proceeded to a hearing ex parte and without actual notice of the proceeding having been given to him. The applicable section of the Illinois Marriage and Dissolution of Marriage Act provides:

> "Notice of a child custody proceeding shall be given to the child's parents, guardian and custodian, who may appear, be heard, and file a responsive pleading. The court upon showing a

good cause, may permit intervention of other interested parties." (Ill. Rev. Stat. 1977, ch. 40, par. 601(d)(2)(e).)

■■ At the time of the hearing or prior thereto the respondent had removed himself from the State of Illinois with the three minor children lawfully in his custody to reside in a religious community known as "The Farm" near Summertown, Tennessee. Although he and the children were absent from Illinois, jurisdiction was affirmatively conferred by Ill. Rev. Stat. 1977, ch. 40, par. 601(a). We also note that the motion of the respondent to open or vacate the order modifying the child custody does not claim that he lacked notice of the hearing. His claim of lack of notice comes for the first time on appeal. Nevertheless, because this case involves the serious issue of the custody and welfare of minor children we will not strictly enforce a waiver rule.

Our reading of the record in this case leads us to the conclusion that the petitioner used every available means to actually inform her ex-husband of the pending modification hearing and her petition to change the child custody. A local Tennessee sheriff noted on the bottom of the notice he had attempted to serve upon Loren J. Swift at "The Farm" in Tennessee that the respondent was not found to be in Lewis County, Tennessee, or at "The Farm". In addition to this attempt to notify her ex-husband, the petitioner mailed notices to his last three addresses. Introduced into evidence in response to at least one of those mailed notices was the respondent's father's letter to petitioner's attorney which recited that he had received notice of the hearing but did not know the whereabouts of his son, Loren J. Swift.

■■■ The applicable statute provides for notice to be given. Notice was given in the present case several times and in different ways. The question before us is whether the giving of notice here was adequate. We believe it was. In a very similar case, decided under a prior statute also requiring notice to be given of a petition to modify a divorce decree as to child custody, the giving of notice by mailing to the former spouse's last address and to her parents' address was found to be adequate. (*Sharpe v. Sharpe* (1966), 77 Ill. App. 2d 295, 222 N.E.2d 340). We agree with the reasoning of the *Sharpe* case. Here, as in that case, the former spouse had left Illinois voluntarily and failed to advise his closest relatives or the court of his whereabouts. The petitioner not only mailed notice to the respondent, but attempted personal service upon him at the religious community where he admits to have been living. As was aptly stated in the *Sharpe* case, "It is a fairly simple matter to keep people and courts advised of one's whereabouts." (77 Ill. App. 2d 295, 300, 222 N.E.2d 340, 342). We read Ill. Rev. Stat. 1977, ch. 40, par. 601(3), as requiring that notice be given to the respondent in the present case. However we give

great weight to the finding of the trial court in its July 24, 1978, order where it was recited "[t]hat due notice was given to respondent to appear at this hearing, but that respondent has concealed himself as well as the three minor children of the parties hereto." The respondent's voluntary concealment of himself prevented his actual receipt of notice of the hearing which was given several times.

■■ The respondent relies upon the case of *Vlahakis v. Parker* (1971), 3 Ill. App. 3d 126, 278 N.E.2d 523, (published in abstract only), for support of his argument that the notice employed in the case at bar was insufficient. In citing this case as authority the respondent has failed to comply with Rule 8 of the Uniform Administrative and Procedural Rules, Appellate Courts, Second, Third, Fourth and Fifth Districts, which provides for the text of the abstract opinion to be appended to his brief. (Ill. Rev. Stat. 1977, ch. 110A, par. 908). We reject the respondent's reliance not only because of his failure to follow the applicable appellate rules but also because of the doubtful precedential value of such an abstract opinion which is generally not readily available to the members of the bar. See *People v. Oetgen* (1978), 62 Ill. App. 3d 29, 378 N.E.2d 1355.

■■ Respondent also relies upon the case of *Wilson v. Moore* (1973), 13 Ill. App. 3d 632, 301 N.E.2d 39, which holds that an order entered without notice of the motion therefore to the other party is void. *Wilson* clearly applies to the normal motion practice under the Civil Practice Act and is not determinative of our interpretation of the more appropriate notice provision of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1977, ch. 40, par. 601(d)(2)(e).) We also acknowledge that a full and plenary hearing and inquiry should be had in child custody proceedings such as these. (*Hinton v. Searles* (1977), 53 Ill. App. 3d 433, 368 N.E.2d 937). The overriding consideration both for the court on review and in the trial court is the welfare of the children. To allow the respondent in this case to defeat the trial court's exercise of its proper jurisdiction by his voluntary concealment of himself and the minor children from his former spouse and the Illinois courts would not be consistent with the welfare of the children over which the courts perform the role of continuing overseer. The case of *Hinton v. Searles* dealt primarily with the issue of the full faith and credit to be afforded to a foreign court's custody order. The case is very clearly factually distinguishable from the present appeal and does not lend any weight to respondent's attack upon the notice of the proceedings in this case.

■■ As the final issue the respondent argues that he should not be required to pay the child support ordered by the July 24, 1978, order for the time period thereafter when he had actual physical custody of the children and provided for their daily needs. Although we find some merit in the equity of respondent's argument we find nothing contained in the record on

appeal which indicates how long the respondent had physical custody of the children following the July 24, 1978, order changing custody to the petitioning mother. Absent some evidence in the record of a trial court's ruling on the respondent's requirement of paying child support even though he had custody of the children for a period of time holding over from the prior court order on custody we have nothing before us to review. Accordingly we do not decide that issue.

For the reasons stated the judgment of the Circuit Court of La Salle County is reversed in part, holding Loren J. Swift in contempt of court, and affirmed in all other respects.

Judgment reversed in part and affirmed in part.

STENGEL and SCOTT, JJ., concur.