*In re* MARRIAGE OF DAVID GODWIN, Petitioner-Appellee, and PATRICIA GODWIN, a/k/a Patricia Hostens, Respondent-Appellant.

Third District    No. 81-498

Opinion filed March 9, 1982.

Joseph D. Sheahan, of McGehee, Boling & Whitmire, Ltd., of Silvis, for appellant.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, of Rock Island, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the trial court placing custody of the parties' nine-year-old son with the petitioner, David Godwin.

David and Patricia Godwin were divorced in May of 1977. In December of 1977, the trial court awarded custody of the couple's minor son, Bruce, to Mrs. Godwin (now Mrs. Hostens). The court also ordered extensive visitation rights to Mr. Godwin. In the time between the divorce and the original custody hearing, both parties remarried.

In April 1981, Mr. Godwin filed a petition to modify the custody order. Ten days later, he filed an amended petition to modify the custody order. The petitioner claimed circumstances and facts materially changed since entry of the original order. He asserted that: The respondent moved to Florida with the child without the court's permission; the child lives with stepsiblings that have been convicted of crimes, producing a harmful home environment; the child witnessed acts of violence between the respondent and her second husband and the stepsiblings; the child failed one grade in school; the child committed retail theft while under the supervision of Mrs. Hostens; the child is now combative, abusive and depressed due to his present home environment; and Mrs. Hostens is neglecting the child by failing to properly clothe and feed him. Mr. Godwin asked the court to change custody in his original petition. In his amended petition, he reiterated his allegations, and also asked the court to prohibit Mrs. Hostens from leaving Illinois with the child.

The sheriff of Rock Island County personally served the original petition to modify on Mrs. Godwin at the Rock Island County Courthouse on April 16, 1981. A hearing on the petition was set for May 28, 1981. The record is unclear as to service of the amended petition. Mrs. Hostens was with her attorney, Lane Evans, at the time she was served. She immedi-

ately retained him in this matter, and he later entered an appearance on her behalf.

On the day of the hearing, Evans told the trial court the respondent asked him to obtain a continuance. The record indicates she wanted time to arrange to return from Florida for the hearing. Evans also told the court, however, that he agreed with opposing counsel to proceed with the hearing. Evans stated he tried to reach Mrs. Hostens by telephone, but her number was disconnected. Evans also sent a letter to her by express mail two days before the hearing. Apparently, Mrs. Hostens had not contacted him by the date of the hearing. The court treated Evans' statement as a motion for a continuance and denied it.

The trial court suggested to Mr. Godwin's counsel that he call the petitioner and simply have him swear that the allegations in the petition are true. Counsel took this suggestion, directed his client's attention to the petition and had him state the allegations were true. Mr. Godwin added he and a private detective investigated this case, and that this investigation supported his conclusions. The court gave respondent's counsel an opportunity to cross-examine, but he did not do so. The petitioner had additional witnesses at the courthouse, but chose to rest his case. The respondent called no witnesses and made no final argument.

The trial court ordered a change in custody from Mrs. Hostens to Mr. Godwin. Subsequently, the trial court rejected motions to vacate the order and to stay enforcement of the order. The respondent, Mrs. Hostens, now appeals.

■■ The respondent challenges the jurisdiction of the court to make a change in custody. She claims none of the jurisdictional bases outlined in the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1979, ch. 40, par. 2104(a)) are satisfied in this case. In support of the contention, she argues there is nothing in the record indicating Illinois is the child's home State or had been the home State within six months prior to the motion for modification. In addition, she argues there is no significant connection with Illinois, no abandonment and no emergency situation apparent from the record.

It is true that this record is deficient in many respects. The record does indicate, however, that the respondent removed herself and the child from this State without the court's permission. One of the stated purposes of the Act is to deter such unilateral action by a parent. (Ill. Rev. Stat. 1979, ch. 40, par. 2102(a)(5).) If a court lost its jurisdiction because of such actions, the respondent would subvert the clear intention of the General Assembly as well as profit from her own misbehavior. This cannot be condoned. On the record before us, therefore, the trial court properly exercised jurisdiction.

■■■ The respondent next challenges the trial court's refusal to grant a

continuance in this case. A motion for continuance is addressed to the discretion of the court and its decision is reversible only for abuse of that discretion. (*Ruskin v. Rodgers* (1979), 79 Ill. App. 3d 941, 954, 399 N.E.2d 623.) In the case at bar, the respondent did not ask for a continuance until the day of the hearing. Respondent's counsel made no claim that he was unprepared. In fact, he indicated he was ready to proceed with the hearing. The petitioner assembled his witnesses in anticipation of a hearing. Respondent claims she needed time to arrange to be at the hearing. She had six weeks, however, to make such arrangements. Additionally, the court noted that her move to Florida without the court's permission is one of the allegations against her. A continuance on the ground that respondent was in another State would, again, permit her to benefit from her own misbehavior. The trial court did not abuse its discretion in refusing to grant a continuance.

■■ The central issues in this case are whether the trial court's order is fatally defective for failure to make explicit findings of fact under the modification-of-custody provisions of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610), and whether the trial court based its order on insufficient grounds to change custody of the child. The respondent argues explicit findings are necessary under *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499. The petitioner argues *Harne* is inapplicable, because the sole testimony was undisputed. Only one conclusion, he argues, is possible. There is no authority for this exception to the *Harne* rule. In support of her claim of insufficient grounds for modification, the respondent cites *In re Custody of Potts* (1980), 83 Ill. App. 3d 518, 404 N.E.2d 446. In *Potts*, the appellate court ruled that removing a child from the State—even without the court's permission—is not sufficient grounds to change custody. The petitioner argues the case at bar is easily distinguishable: The allegations in his petition indicate far more serious problems than mere removal from the State. The overriding considerations in custody cases are to determine the best interests of the children. The allegations of neglect, a violent environment, thievery, failing in school and emotional disorders due to the home environment, if true, could constitute a sufficient change in circumstances to support a change in custody.

■■ ■ In the case at bar, however, there is no affirmative evidence to support the petitioner's charges. The burden of proof is upon the petitioner to demonstrate the necessity of a modification of custody. (*In re Custody of Harne* (1979), 77 Ill. 2d 414, 420-21; *In re Marriage of Manley* (1980), 83 Ill. App. 3d 633, 637, 404 N.E.2d 910.) The allegations in the petitioner's motion for modification are mere conclusions, not affirmative evidence. The petitioner's testimony is lacking in a sufficient foundation, in that it is impossible to determine whether petitioner is testifying

from personal observation or hearsay. Under normal circumstances, the failure of opposing counsel to object or his failure to cross-examine would operate as a waiver of any objection to the petitioner's testimony. *Goldberg v. Capitol Freight Lines* (1943), 382 Ill. 283, 291, 47 N.E.2d 67; *Allison v. Davies* (1978), 64 Ill. App. 3d 900, 905, 381 N.E.2d 1034.

In a case as serious and delicate as a child-custody proceeding, the waiver rule should not be strictly enforced. (See *In re Marriage of Swift* (1979), 76 Ill. App. 3d 154, 157, 394 N.E.2d 923 (failure to allege lack of notice of hearing will not operate as a waiver of that issue on appeal, in a change of custody proceeding).) This should be especially true in a case where the record is inadequate for purposes of review and the testimony is abbreviated and conclusory in nature.

We believe, therefore, that this cause should be remanded to the trial court to reconsider the evidence in this case, hear additional testimony from witnesses and make explicit findings supporting a change of custody, if a change proves necessary, in conformity with *Harne*. The petitioner, Mr. Godwin, shall retain temporary custody of the child, until the trial court makes a final determination of permanent custody.

Affirmed in part and remanded for proceedings consistent with this opinion.

STOUDER and SCOTT, JJ., concur.