*In re* MARRIAGE OF CRAIG A. HILLIARD, Petitioner-Appellee, and CYNTHIA R. HILLIARD, n/k/a Cynthia R. Long, Respondent-Appellant.

Third District   No. 3—88—0220

Opinion filed January 10, 1989.

W. Edgar Weer, of Pekin, for appellant.

Safford, West, Tornow & Jaeger, of Peoria (Philip L. Jaeger, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal arises from a trial court order denying the appellant's motion to transfer jurisdiction of the underlying cause to California. The appellant contends the court should have declined to exercise jurisdiction because Illinois is an inconvenient forum. We affirm.

Craig and Cynthia Hilliard were married on December 12, 1980, and continued to reside in Tazewell County, Illinois, thereafter. Two children were born of the marriage: Callie Rae was born on June 12, 1981, and Casie Lynn was born August 6, 1984. In July 1985, Cynthia moved to California and took the children with her. She filed for legal separation in California on October 8, 1985. On October 30, 1985,

Craig filed a petition for dissolution of the marriage in Tazewell County. He also filed a petition for a temporary restraining order and other relief, seeking to enjoin Cynthia from maintaining any custody proceedings in California. The trial court granted the requested relief and enjoined Cynthia from proceeding with any custody or related proceedings in California unless ordered by the court.

On January 24, 1986, Cynthia filed a motion in the circuit court of Tazewell County requesting the court to decline jurisdiction and alleging that Illinois was an inconvenient forum. The court denied the motion. On February 27, 1986, the court entered a judgment for dissolution of marriage which incorporated the terms of an agreement reached by Craig and Cynthia regarding custody, visitation, and support of the children, as well as the parties' property and indebtedness. The parties agreed that they would have joint legal custody of the children and that Cynthia would have physical custody of them during the school year, while Craig would have physical custody during the summer. Additionally, the parties agreed Craig would have physical custody of the children during the 1986 Christmas vacation, and each alternate year thereafter. The final provision of the agreement incorporated into the decree which is relevant to this appeal states:

"The parties agree that, provided [Craig] is residing in Illinois, any further post-decree proceedings with respect to the rights and duties of the parties herein, including custody, support, property, indebtedness, or modification thereof, or otherwise, shall only be filed in Illinois."

On January 27, 1988, Craig filed a petition in the circuit court of Tazewell County to modify the judgment of dissolution. He alleged that Cynthia refused to divulge her address and telephone number and he could not contact the children, and that Cynthia purported to enroll the elder child in a calendar-year school program which would substantially diminish his physical custody of the child. On February 19, 1988, Cynthia filed a motion to transfer jurisdiction of the pending petition to the California court. In support of her motion, Cynthia stated that the children had resided in California since July of 1985 and that the children's school records, friends, and acquaintances were located in California. The court denied Cynthia's motion to transfer. On April 4, 1988, Cynthia filed a motion to reconsider and requested that the court decline to hear the case on grounds of *forum non conveniens*. The court denied the motion, and this appeal followed. 107 Ill. 2d R. 306.

Cynthia contends that the trial court failed to consider the best interests of the children and abused its discretion by giving undue

weight to the forum selection clause in the parties' settlement agreement. She further argues that the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1987, ch. 40, par. 2101 *et seq.*) (UCCJA) demands a different result. We disagree.

■■■ We find that the trial court's order refusing to transfer jurisdiction is correct because the parties' settlement agreement, which was incorporated into the dissolution judgment, provides that any further post-decree proceedings shall only be filed in Illinois, provided Craig resides in Illinois. The rules regarding the interpretation of settlement agreements are the same as those which apply to contracts generally, and the primary objective is to give the agreement its plain and ordinary meaning according to the intent of the parties. (*In re Marriage of Reidy* (1985), 134 Ill. App. 3d 534.) A forum selection clause is *prima facie* valid and should be enforced unless the opposing party shows that enforcement of the clause would be unreasonable under the circumstances and would essentially deprive him of his day in court. (*Calanca v. D & S Manufacturing Co.* (1987), 157 Ill. App. 3d 85.) If both parties freely entered into the agreement contemplating such inconvenience should there be a dispute, one party cannot successfully argue inconvenience as a reason for rendering the forum clause unenforceable. 157 Ill. App. 3d at 88.

■ When Craig and Cynthia agreed that Illinois would be the exclusive forum for post-decree proceedings, Cynthia had already moved to California, and any inconvenience due to the choice of forum was obvious to her at that time. There is nothing in the record which suggests that Cynthia was in a poor bargaining position or signed the agreement under duress. Furthermore, she has acknowledged that enforcing the forum clause will not deprive her of her day in court. In short, Cynthia has failed to provide any reason for this court to ignore the clear meaning of the forum clause contained in the dissolution judgment.

There is an overriding policy in the law favoring voluntary settlements in civil cases. When parties enter into a voluntary agreement, they resolve issues in conflict for their benefit and for the court's benefit. Parties who agree to the terms of a fairly negotiated settlement are to be applauded for their efforts. The terms of their agreed settlement ought to be enforced, not circumvented by a party who later decides one of the terms is unsatisfactory or inconvenient. Accordingly, because the dissolution judgment incorporated Craig and Cynthia's agreement that Illinois would be the forum for all post-dissolution matters as long as Craig remained here, the trial court correctly denied Cynthia's motion to transfer jurisdiction.

■ Even if the dissolution judgment did not contain the forum clause, denial of Cynthia's motion to transfer would have been a proper exercise of the trial court's continuing jurisdiction. There is no dispute that the circuit court of Tazewell County had jurisdiction under section 4(a) of the UCCJA (Ill. Rev. Stat. 1987, ch. 40, par. 2104(a)) to make the initial custody determination at the time the marriage was dissolved. Because the court had properly acquired jurisdiction, section 4(b) of the UCCJA (Ill. Rev. Stat. 1987, ch. 40, par. 2104(b)) governed further custody determinations. That section provides that once a court obtains jurisdiction over a child, it shall retain jurisdiction unless it concedes jurisdiction to a foreign State or none of the parties, including the child, remains in Illinois. Craig continues to reside in Illinois. Accordingly, the court was authorized to consider his petition to modify the judgment unless it elected to decline jurisdiction to the California courts as Cynthia requested.

Regarding the decision to decline jurisdiction, the UCCJA provides:

"A court which has jurisdiction under this Act to make an initial or modification judgment may decline to exercise its jurisdiction any time before making a judgment if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." Ill. Rev. Stat. 1985, ch. 40, par. 2108(a).

According to section 8(c) of the UCCJA:

"In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

1. if another state is or recently was the child's home state;

2. if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

4. if the parties have agreed on another forum which is no less appropriate; and

5. if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in Section 2 of this Act." Ill. Rev. Stat. 1987, ch. 40, par. 2108(c).

These principles require the exercise of a trial court's discretion

and cannot be applied in a rigid or mechanical fashion. Accordingly, a trial court's decision not to decline jurisdiction will be affirmed absent an abuse of that discretion. (*In re Marriage of Kehres* (1987), 164 Ill. App. 3d 148, 153.) Even if the parties had not previously agreed that Illinois would be the proper forum, we would find no abuse of discretion.

The dissolution judgment awarded Craig, who has continuously resided in Illinois, joint legal and physical custody of the minor children. The children are to spend the summer months and alternate Christmas holidays with Craig. These factors indicate that the children retain a significant, close connection with this State and that there is available here substantial evidence concerning the children's care, protection, training and relationships. Furthermore, the jurisdiction issue was previously litigated and the parties agreed that future proceedings would be filed in Illinois. Considering the evidence as a whole, and the purposes of the UCCJA, which include discouraging continuing controversies and relitigation of issues, we do not find that the trial court abused its discretion when it denied Cynthia's motion to transfer jurisdiction.

In summary, the order of the trial court denying the motion to transfer jurisdiction was correct for two distinct reasons: first, because the parties agreed that as long as Craig remained a resident of Illinois, all proceedings would be filed in Illinois, and second, because the decision to exercise the continuing jurisdiction provided under section 4(b) of the UCCJA was not an abuse of discretion. For the foregoing reasons, the order of the circuit court of Tazewell County is affirmed.

Affirmed.

STOUDER, P.J., and WOMBACHER, J., concur.