MARVIN DEAN KUEHL, Petitioner-Appellee, v. KAREN ELIZABETH KUEHL, Respondent-Appellant.

First District (4th Division) No. 1—88—0421

Opinion filed June 29, 1989.

Jeffrey M. Leving and Samuel J. Cahnman, both of Chicago, for appellant.

Edward A. Berman, of Berman, Roberts & Kelly, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Karen Elizabeth Kuehl (Karen) appeal from the trial court's denial of her petition for a temporary restraining order or a preliminary injunction to forbid removal from the State of Illinois of her minor child, Elizabeth Sarah Kuehl (Elizabeth), and to award Karen temporary and permanent custody of her daughter. In support of her petition, Karen alleged facts to show that there was presently an emergency situation in the daughter's life that was detrimental to the girl's emotional well-being. Karen and the child's father, Marvin Dean Kuehl (Marvin), had been previously granted a judgment in Iowa that dissolved their marriage and awarded both parents joint custody, with Marvin accorded primary residential custody of the child.

The trial court denied Karen's emergency petition without an evidentiary hearing. The court concluded that it would decline to exercise jurisdiction over the cause since either the State which had entered judgment dissolving the parties' marriage and awarding custody of Elizabeth (Iowa) or the State where Marvin and Elizabeth currently reside (Arizona) would be more appropriate forums for the matters raised in Karen's petition. We affirm, finding no abuse of discretion in the trial court's decision to decline to exercise its jurisdiction over the case at bar.

Karen and Marvin were married in July 1978 and one child, Elizabeth, was born to the marriage in July 1980. In an Iowa judgment for dissolution of their marriage, entered August 1984, both parents were awarded joint custody of Elizabeth, and Marvin was granted primary residential custody of the child. Since their divorce, Karen has lived in Chicago, Illinois; Marvin and Elizabeth have lived in Iowa, and more recently, in Arizona.

In December 1987, while Elizabeth was in Chicago visiting Karen, Karen filed an emergency petition for an *ex parte* temporary restraining order and for other relief in the circuit court of Cook County. This verified petition alleged the following relevant facts. On or about December 18, 1987, Karen received Elizabeth from Marvin for Christmas visitation. Karen became concerned because Elizabeth showed symptoms of physical and emotional problems, such as bed-wetting, tantrums, confusion, and either belligerent or fearful behavior. Karen believed that Elizabeth's conduct resulted from Marvin's failure to provide the child with a stable living environment in which the child would receive proper supervision. In this regard Karen stated that

since the Iowa dissolution of marriage judgment was entered: (1) Marvin and the child moved to Arizona without permission of the Iowa court approximately six weeks after the divorce; (2) Marvin has remarried, divorced, remarried again, and is currently separated from his fourth wife; (3) Marvin and the child have moved at least 11 times and have lived in at least 10 separate locations; and (4) Elizabeth comes home from school to an empty house and on one occasion found that the house had been burglarized and a long knife left on the doorstep.

Karen also stated that a pediatrician and a psychiatrist who had interviewed her daughter during the December visit in Chicago were both of the opinion that the child's environment with her father was unstable, that she was suffering emotional damage from this unstable environment, and that Elizabeth should not remain with Marvin but instead should reside with Karen. Their reports so stating were attached as exhibits to Karen's emergency petition.

The trial court denied Karen's petition without an evidentiary hearing. In its written order, the court stated that it "declined to exercise jurisdiction in this matter because Iowa or Arizona are the appropriate forums." Karen appeals.

■ Section 4 of the Uniform Child Custody Jurisdiction Act as adopted in Illinois (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 2101 *et seq.*) provides in pertinent part that the "circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if: *** the child is physically present in this State and *** it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent." Ill. Rev. Stat. 1987, ch. 40, par. 2104(a)(3)(ii).

Karen argues that the trial court should have held an evidentiary hearing with respect to her petition to determine whether there existed an "emergency" situation under this section of the Act. Karen also argues that the facts stated in her petition demonstrated the existence of an "emergency" sufficient to confer jurisdiction upon the circuit court in the case at bar. We need not and do not resolve these questions, however. Assuming *arguendo* that the circuit court had jurisdiction over Karen's emergency petition pursuant to section 4 of the Act, the court nevertheless properly exercised its discretion when it declined to exercise jurisdiction over the instant cause.

■■ Section 8 of the Act permits a court which has jurisdiction to decline the exercise of this jurisdiction "if it finds that it is an inconvenient forum to make a custody determination under the circum-

stances of the case and that a court of another state is a more appropriate forum." (Ill. Rev. Stat. 1987, ch. 40, par. 2108(a).) Section 8 further states:

"(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

1. if another state is or recently was the child's home state;

2. if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

4. if the parties have agreed on another forum which is no less appropriate; and

5. if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in Section 2 of this Act." Ill. Rev. Stat. 1987, ch. 40, par. 2108(c).

"These principles require the exercise of a trial court's discretion and cannot be applied in a rigid or mechanical fashion. Accordingly, a trial court's decision *** to decline jurisdiction will be affirmed absent an abuse of that discretion. [Citation.]" (*In re Marriage of Hilliard* (1989), 178 Ill. App. 3d 620, 624-25, 533 N.E.2d 543.) We find no abuse of discretion in the trial court's conclusion that it should decline to exercise its jurisdiction in the case at bar.

According to the record, Elizabeth has resided in either Iowa or Arizona since her birth, and both States have closer connections with the child than does Illinois. Elizabeth has never permanently resided in Illinois, nor does the record show that she has spent substantial time here during visitation periods with her mother in Chicago. Evidence regarding Marvin's ability to care for his daughter is obviously located in Iowa and Arizona, not Illinois. There is nothing in the record to show that the courts of either Iowa or Arizona would not consider, or have declined to consider, the substantive questions raised in Karen's petition. Although we do not dismiss the concerns expressed by Karen in her petition regarding her daughter's emotional well-being, we would nevertheless note that Elizabeth has since returned to her father in Arizona, and Karen's petition does not indicate that the child's living environment with her father poses an immediate, grave risk to the child's physical or emotional well-being. In light of all of these considerations, we cannot say that the trial court abused its dis-

cretion when it declined to exercise jurisdiction over the instant cause. See generally 1 J. Atkinson, Modern Child Custody Practice §3.18 (1986).

For the reasons stated, the order of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.