*In re* MARRIAGE OF LEE STAMBERG, Petitioner-Appellant, and BAR-BARA STAMBERG, Respondent-Appellee.

First District (1st Division) No. 1—88—2595

Opinion filed August 12, 1991.

334

335

Benjamin P. Hyink, P.C., of Chicago (Benjamin P. Hyink, of counsel), for appellant.

Arnold H. Rubin, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

After Lee Stamberg filed a petition for the dissolution of his marriage, he was charged with aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)) for allegedly sexually abusing his daughters and with possessing child pornography (Ill. Rev. Stat. 1987, ch. 38, par. 11—20.1(a)(2)). Thereafter, Barbara Stamberg sought a preliminary injunction to enjoin him from selling or otherwise disposing of his assets. The trial court granted the preliminary injunction. Lee appeals. For the reasons set forth below, we affirm.

In 1980 Lee and Barbara were married. Later, they had two children, Lisa and Kimi. Lisa was born on February 16, 1981, and Kimi was born on May 19, 1982. Lee was employed as a grammar school principal for approximately 23 years. He earned about $40,000 a year, plus medical and hospitalization insurance under a pension plan. It was uncontested that Lee acquired nonmarital property, including the Stambergs' home at 4804 Central Avenue in Western Springs, Illinois. Barbara alleged that the house was worth approximately $200,000 and was subject to an unpaid mortgage in the amount of $40,000. Lee also

owned an antique "Ford Model A," which Barbara alleged was worth $9,000.

On December 17, 1987, Lee filed a petition for the dissolution of marriage. In June 1988, after Lee had filed for a divorce, he was charged with aggravated criminal sexual assault for allegedly sexually abusing his daughters and with possessing child pornography. The Department of Children and Family Services investigated and concluded that sexual abuse was "indicated." Thereafter, the trial court denied Lee visitation.

As a consequence of the criminal proceedings against Lee, Barbara sought a preliminary injunction to enjoin Lee from transferring or disposing of his assets, e.g., the home where Barbara and the children lived and the antique car, contending that Lee's financial condition was uncertain and likely to deteriorate. Thus, she argued that a trust should be established for the children's benefit and argued that prior to that determination, Lee should be enjoined from disposing of his assets in order to preserve the status quo. After hearing the parties' arguments, the court granted Barbara's motion in part. Lee was enjoined from placing liens in excess of $100,000 on the Stamberg home, and he was ordered to place $100,000 in an interest-bearing account if he sold the Stamberg home.

In August 1988, Lee filed a notice of appeal, but did not designate that it was an interlocutory appeal and did not provide a record on appeal within 30 days of the entry of the order, as required by Supreme Court Rule 307 (134 Ill. 2d R. 307). However, with leave of this court and over Barbara's objections, an amended notice of interlocutory appeal was filed.

Lee argues that the trial court abused its discretion when it issued the preliminary injunction. We disagree. The issuance of a preliminary injunction is solely within the trial court's discretion, and its decision will not be disturbed absent an abuse of discretion. (*Jefco Laboratories, Inc. v. Carroo* (1985), 136 Ill. App. 3d 793, 796, 483 N.E.2d 999, citing *Kessler v. Continental Casualty Co.* (1985), 132 Ill. App. 3d 540, 545, 477 N.E.2d 1287.) A trial court has abused its discretion if its decision is against the manifest weight of the evidence. (*Jefco Laboratories, Inc.*, 136 Ill. App. 3d at 796-97.) A preliminary injunction is granted to preserve the parties' status quo until their case is heard on its merits.

■■ A court may issue a preliminary injunction when a party proves that: (1) she has a clear and lawful right for which she seeks protection; (2) she will suffer irreparable harm; (3) she has no adequate remedy at law; (4) she is likely to succeed on the merits; and (5) in the

absence of the preliminary relief, she would suffer greater harm without the injunction than the defendant will suffer if it is issued. (*Hough v. Weber* (1990), 202 Ill. App. 3d 674, 684, 560 N.E.2d 5, *appeal denied* (1990), 135 Ill. 2d 556, 564 N.E.2d 837; *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.* (1986), 143 Ill. App. 3d 285, 291, 492 N.E.2d 969; *Mister v. A.R.K. Partnership* (1990), 197 Ill. App. 3d 105, 111, 553 N.E.2d 1152, *appeal denied* (1990), 133 Ill. 2d 559, 561 N.E.2d 694.) "A complaint for preliminary injunction must plead facts which clearly establish a right to injunctive relief, and allegations consisting of mere opinion, conclusion or belief are not sufficient to support issuance of the writ." *Hough v. Weber* (1990), 202 Ill. App. 3d 674, 684, 560 N.E.2d 5, *appeal denied* (1990), 135 Ill. 2d 556, 564 N.E.2d 837, citing *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.* (1986), 143 Ill. App. 3d 285, 291, 492 N.E.2d 969.

■ First, we consider Barbara's interest. In order to be granted a preliminary injunction, she must have standing in the cause, which requires a showing of a clearly ascertainable right or interest. (*Hough*, 202 Ill. App. 3d at 685, citing *Laidlaw Waste Systems, Inc.*, 143 Ill. App. 3d at 292.) In the injunctive relief context, the doctrine of standing " 'makes it necessary for a party seeking such relief to allege an injury in fact to some substantive interest he possesses which is recognized by statute or common law.' " (*Hough*, 202 Ill. App. 3d at 685, quoting *Laidlaw Waste Systems*, 143 Ill. App. 3d at 292.) Barbara alleges, in her verified motion for injunctive relief and her memorandum of law in support of her motion, that her parental status and interest in the children's support, maintenance and welfare provided her and the children with a protectable substantive interest pursuant to section 503(g) of the Marriage and Dissolution Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 503(g)). Section 503(g) of the Act states, "[t]he court if necessary to protect and promote the best interests of the children may set aside a portion of the jointly or *separately* held estates of the parties in a separate fund or trust for the support, maintenance, education, and general welfare of any minor, dependent, or incompetent child of the parties." Thus, we find that providing for the children's support, maintenance, education, and general welfare is a protectable interest.

■ Second, we consider whether Barbara sufficiently alleged that an irreparable injury would occur if the preliminary injunction was not granted. Specifically, Barbara alleged that Lee's assets would be disposed of to the children's detriment because: he posted $15,000 in bond and he will incur large expenses with respect to defending the pending criminal charges; he will continue to incur legal fees with re-

spect to the pending divorce action; and he will be responsible for making child support payments. As a consequence of the foregoing, Barbara contends that the children's interests should be protected by establishing a trust for the children pursuant to section 503(g) of the Act because once his assets are gone, the children will not be able to collect or receive support payments. Barbara is seeking to protect Lee's assets, on behalf of the children, against other creditors. Based upon the facts Barbara alleged and the fact that Lee did not introduce a verified answer that indicated that he had sufficient assets or funds, Barbara sufficiently showed that the injury was imminent. Thus, the evidence with respect to Lee's financial status was not contradicted. Without the injunction, we believe that the parties' status quo would have been substantially altered.

■ Third, we find that the trial court did not abuse its discretion when it determined that there was an inadequate remedy at law if Lee dissipated all of his assets. "For there to be an adequate remedy at law, the remedy must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as an equitable remedy." (*Fischer v. Brombolich* (1991), 207 Ill. App. 3d 1053, 1065, 566 N.E.2d 785.) The trial court does not have not have to wait until an injury actually occurs to grant an injunction. (*Shorr Paper Products, Inc. v. Frary* (1979), 74 Ill. App. 3d 498, 505, 392 N.E.2d 1148.) Clearly, the children would suffer irreparable harm if Lee's assets were dissipated because he would not be able to contribute to their support.

■ Fourth, the trial court did not abuse its discretion when it determined that Barbara would succeed on the merits. "It is well established that a party is not required to make out a case that will in all events warrant relief on the merits; it is only necessary that the moving party raise a fair question as to the existence of the right claimed and that he will be entitled to the relief prayed for if the proof should sustain his allegations." (*Fischer v. Brombolich* (1991), 207 Ill. App. 3d 1053, 1066, 566 N.E.2d 785, citing *Tierney v. Village of Schaumberg* (1989), 182 Ill. App. 3d 1055, 538 N.E.2d 904, *appeal denied* (1989), 127 Ill. 2d 642, 545 N.E.2d 132.) Here, Barbara's complaint raised a fair question as to Lee's ability to fulfill his obligation to contribute to the children's future financial needs.

Finally, the trial court did not abuse its discretion when it determined that Barbara and the children would suffer greater harm without the injunction than Lee would suffer if the injunction were issued because Lee did not produce a verified pleading indicating that he would sustain any harm. Consequently, Barbara's allegations with respect to the dissipation of Lee's assets and his inability to pay for the

children's future financial needs provided a reasonable basis for the trial court to find that Barbara and the children would suffer greater harm without the injunction than Lee would suffer with the injunction.

■ Lee also argues that, pursuant to section 503(g) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 503(g)), the trust fund should not have been created, contending that the preliminary injunction was the grounds for the trust fund. We disagree. The injunction was not a mechanism for creating the trust. Rather, the trust, which was not mentioned in the preliminary injunction order, was the most effective means to provide for the children. Moreover, the court does not abuse its discretion in establishing a trust fund where circumstances suggest that the parents' future financial ability to pay child support is in jeopardy. (*Olsher v. Olsher* (1979), 78 Ill. App. 3d 627, 637, 397 N.E.2d 488.) Here, the record indicates that Lee would be unable, in the future, to provide adequate financial support for his daughters because of his pending criminal charges, the likelihood of an expensive defense and the possibility of imprisonment.

■ Barbara makes two arguments, which we reject. First, she contends that Lee's appeal should be dismissed for failing to designate his appeal as "interlocutory" and for failing to comply with Supreme Court Rule 307 because he did not provide a record on appeal within 30 days of the entry of the order appealed from. However, Lee was granted leave to file an amended appeal and that appeal complied with Rule 307. Further, Barbara failed to show that she was prejudiced. (See *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434, 394 N.E.2d 380.) Second, Barbara argues that the appeal should be dismissed as moot, contending that the facts upon which the injunction were based have changed. She cites Lee's dismissal from his job as a school principal, his hiding of assets and his unknown whereabouts. None of those facts, however, appear in the record and, therefore, will not be considered. *Mid-State Savings & Loan Association v. Illinois Insurance Exchange, Inc.* (1988), 175 Ill. App. 3d 265, 268, 529 N.E.2d 696, *appeal denied* (1989), 124 Ill. 2d 556, 535 N.E.2d 915; *Nameoki Township v. Cruse* (1987), 155 Ill. App. 3d 889, 895, 508 N.E.2d 1080.

Based upon the foregoing, the trial court acted within the scope of its discretion when it granted the preliminary injunction.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.