*In re* MARRIAGE OF MARY JAMES, n/k/a Mary Kenary, Petitioner-Appellant, and REINHOLD RAYMOND JAMES, Respondent-Appellee.

First District (3rd Division)    No. 1—91—2744

Opinion filed February 9, 1994.—Rehearing denied March 28, 1994.

TULLY, J., dissenting.

Schiller, DuCanto & Fleck, of Chicago, for appellant.

Kaufman, Litwin & Gitles and Frumm & Frumm, both of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Petitioner, Mary James, n/k/a Mary Kenary, appeals from the circuit court of Cook County's entry of a preliminary injunction enjoining her from filing any cause of action related to the custody or residency of the parties' minor child in any State other than Illinois. Petitioner argues that the preliminary injunction was an abuse of the trial court's discretion because respondent, Reinhold Raymond James, failed to establish the need for injunctive relief. We reverse and remand.

Petitioner and respondent were divorced on August 30, 1988. The parties were awarded joint custody of their son, David, born June 12, 1982, and petitioner was awarded physical custody. On February 3, 1989, respondent filed a petition for custody modification.

On May 10, 1989, petitioner filed a motion for leave to remove the child from Illinois based on her engagement to a man who resided in Texas. Petitioner alleged that the child's quality of life would

greatly improve as a result of her remarriage and relocation to Texas. Respondent opposed the move to Texas. Petitioner's petition was granted on a temporary basis pending expert testimony. Respondent was granted visitation, and on August 6, 1990, petitioner was granted leave to permanently remove the child to Texas. Respondent filed a motion to reconsider, which was denied. Respondent visited his son in Texas, and his son came to Illinois and lived in his home from time to time.

On April 1, 1991, respondent filed a petition for rule to show cause based on petitioner's intent to move to Florida with the child. The trial court denied respondent's prayer for a rule to show cause and finding of contempt based on the finding that the move to Florida was not a willful, contemptuous move.

On August 2, 1991, respondent filed a petition for a preliminary injunction enjoining petitioner from filing any lawsuit in Florida concerning the child. Respondent alleged the following. Petitioner and the child had been residing in Florida since February 15, 1991. Respondent would be irreparably harmed by the filing of a cause of action in Florida because respondent would not be able to defend himself appropriately in Florida, Florida was an inconvenient forum in which to prosecute or defend any causes of action, and the Florida courts would be prejudiced against him. There was an inadequate remedy at law available to respondent should no preliminary injunction issue. Respondent had an ascertainable legal right that needed protection, which was to proceed with his pending petition to modify custody in the appropriate jurisdiction. The appropriate jurisdiction in which to hear that matter was Illinois. Respondent further alleged that there was a likelihood of success on the merits.

The trial court entered a preliminary injunction against petitioner from filing any legal proceeding in any other State as it related to the minor child. The trial court found that irreparable harm would result and that there was no adequate remedy at law.

Petitioner filed a notice of interlocutory appeal.

Petitioner argues on appeal that respondent was not entitled to injunctive relief because he failed to demonstrate that: (1) he will suffer irreparable injury without the injunction; (2) there was no adequate legal remedy; (3) there was the likelihood of his success on the merits; and (4) the balance of hardships favored respondent. Specifically, petitioner argues that: (1) although Illinois has jurisdiction under the Uniform Child Custody Jurisdiction Act (750 ILCS 35/1 *et seq.* (West 1992)) (UCCJA), that factor alone did not warrant the injunction, particularly because Illinois does not qualify as the State with the most current information needed in a custody

modification suit; (2) respondent did not have a legal right to protect his jurisdictional choice by means of an injunction preventing petitioner from proceeding in her choice of jurisdiction where the UCCJA permitted a court to concede jurisdiction to the forum with the most significant connection with the child; (3) the mere inconvenience and expense of defending an action in another jurisdiction did not justify an injunction; (4) respondent's fears of filing an action in Florida were speculative; (5) respondent had an adequate remedy at law to request the Illinois court not to concede jurisdiction to Florida; (6) respondent did not factually support his assertion that he was likely to succeed on the merits of his claim that Illinois was the sole appropriate jurisdiction to hear his custody modification action; and (7) there was little likelihood that Illinois would not concede jurisdiction to Florida because Illinois did not qualify for jurisdiction under any of the substantive considerations of section 4(a) of the UCCJA (750 ILCS 35/4(a) (West 1992)).

It is not the function of a preliminary injunction to determine controverted rights or to decide disputed facts or the merits of a case. (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 611, 229 N.E.2d 536.) It is an extraordinary remedy which is applicable only to situations where an extreme emergency exists and serious harm would result in the absence of the injunction. *Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 386-87, 483 N.E.2d 1271, 1277.

In order for a preliminary injunction to issue, petitioner must establish that: (1) he possesses a clearly ascertained right which needs protection; (2) he will suffer irreparable harm without the injunction; (3) there is no adequate remedy at law; and (4) he is likely to be successful on the merits of his action. (*Levitt Homes, Inc. v. Old Farm Homeowners' Association* (1982), 111 Ill. App. 3d 300, 307, 444 N.E.2d 194.) The decision whether to grant preliminary injunction is addressed to the trial court's discretion. (*Levitt*, 111 Ill. App. 3d at 307.) A court of review will not reverse the findings of the trial court unless they are against the manifest weight of the evidence. *Junkunc v. S.J. Advanced Technology & Manufacturing Corp.* (1986), 149 Ill. App. 3d 114, 118, 498 N.E.2d 1179; *Booth v. Greber* (1977), 48 Ill. App. 3d 213, 217, 363 N.E.2d 6.

Respondent claims that he has a clearly ascertainable right which needs protection because he has a right to proceed with his petition to modify custody in the State of Illinois. Illinois can be the only forum to decide this matter because the Illinois court which issued the decree granting joint custody expressly retained jurisdiction for post-decree matters. Petitioner agrees that Illinois does retain jurisdiction.

It is important to note some of the purposes of the UCCJA are to:

"1. avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;

2. promote co-operation with the courts of other states to the end that a custody judgment is rendered in that state which can best decide the case in the interest of the child;

3. assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state;

\* \* \*

8. promote and expand the exchange of information and other forms of mutual assistance between the courts of this State and those of other states concerned with the same child." 750 ILCS 35/2 (West 1992).

Section 4 of the UCCJA provides in relevant part:

"(a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:

1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

\*\*\*

2. it is in the best interest of the child that a court of this State assume jurisdiction because

\*\*\*

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

\* \* \*

4. \*\*\*

(ii) it is in the best interest of the child that this court assume jurisdiction.

(b) A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state \*\*\*." 750 ILCS 35/4 (West 1992).

■ Under section 4(a) of the UCCJA, the circuit courts of Illinois have jurisdiction to make a child custody determination by initial or modification judgment if this State is the home State of the child at the time of commencement of the proceeding. (750 ILCS 35/4(a) (West

1992).) However, the circuit court must determine whether it is in the best interest of the child that this court assume jurisdiction, and under section 4(b) of the UCCJA, a court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction. 750 ILCS 35/4(b) (West 1992).

■ Section 17328A of the Federal Parental Kidnapping Prevention Act of 1988 provides in part:

"(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination." 28 U.S.C. §§ 1738A(f), (g) (1988).

The minor child of the parties left Illinois and moved to Texas in August of 1989. The child continuously lived in Texas until January or February of 1991, when he moved to Florida, where he continues to reside. It is not clear whether Illinois should or should not decline jurisdiction to modify child custody because Illinois may decide to decline to exercise jurisdiction if it determines that the child and his family have a closer connection with Florida. (750 ILCS 35/4(a)(2) (West 1992).) Perhaps the facts concerning the child's care, protection, training, and personal relationships are more readily available in Florida. Also, under section 4(a)(2) of the UCCJA, the court in Illinois has to determine whether it is in the best interest of the child for it to assume jurisdiction. (750 ILCS 35/4(a)(2) (West 1992).) This appears to mean that the best interest of the child is paramount to the inconveniences that one or both of the parents may suffer because of the location of the court. Only after there has been a hearing in which both parents can present facts and argue the issues should a determination of jurisdiction be made.

■ At the time the preliminary injunction was issued in this case, the trial court had not been requested to decline jurisdiction and concede jurisdiction to a court of a foreign State. Thus it is questionable whether respondent in this case has established a clearly ascertainable right to have the petition to modify custody (and/or a possible future petition to remove the child to Florida) decided by a court in Illinois.

Respondent claims he will suffer irreparable injury without an injunction because he does not have financial means to defend any action filed by petitioner in Florida and also because he would have to familiarize himself with another jurisdiction. It has been stated that the mere inconvenience and expense of defending a foreign action do not amount to a manifest wrong or injustice sufficient to justify an injunction. (*National Hockey League v. Intermart, Inc.* (1984), 127 Ill. App. 3d 1072, 1077-78, 470 N.E.2d 1.) In the case of *Tabor & Co. v. McNall* (1975), 30 Ill. App. 3d 593, 333 N.E.2d 562, the buyer filed a complaint in Illinois, and later the seller filed an action in Wisconsin. An injunction was entered restraining the seller from proceeding with the Wisconsin lawsuit. It was held that the issuance of the injunction was error. (*Tabor*, 30 Ill. App. 3d at 595-96.) Neither the fear that Wisconsin law might not afford the buyer the protection he deserved nor the fact that the Illinois suit was instituted first constituted a basis to enjoin the proceedings in the Wisconsin action. *Tabor*, 30 Ill. App. 3d at 595-96.

Thus, in this case, respondent's mere claim that he does not have the financial means to defend a lawsuit in Florida, the fact that the petition to modify custody was first filed in Illinois, and respondent's belief that Illinois law can provide him with the protection he deserves do not establish a basis for the issuance of an injunction. Irreparable injury was not established.

In respondent's petition for preliminary injunction, respondent alleged: "b. That there is an inadequate remedy of law available to Mr. James should no preliminary injunction, issue." At the hearing for the issuance of an injunction, respondent stated that money would not compensate him for the loss he would suffer if petitioner filed a lawsuit in Florida. If petitioner should file a custody modification lawsuit in Florida, the Florida court would first have to decide whether it has jurisdiction and also whether it accepted jurisdiction to modify custody. Respondent would have the right to be present and point out that under section 1738A(f)(2) of the Parental Kidnapping Prevention Act (PKPA) (28 U.S.C. § 1738A(f)(2) (1988)), Illinois still retains jurisdiction, and under section 1738A(g) (28 U.S.C. § 1738A(g) (1988)), the Florida court cannot exercise jurisdiction for a custody determination commenced during the proceedings in a court of another State (Illinois) where that State is already exercising jurisdiction. If the Florida court makes a determination that it does have jurisdiction, under section 1738A(f)(2) (28 U.S.C. § 1738A(f)(2) (1988)), it could request the Illinois court to decline to exercise jurisdiction. Respondent could then request the Illinois court not to cede jurisdiction to Florida. Since respondent has an adequate remedy at law that

can provide him with the same solution he seeks, he has not established a need for equitable relief.

Respondent finally alleges that there is a likelihood of success on the merits because Illinois has sole jurisdiction under the PKPA and UCCJA. However, in the case of *Illinois Life Insurance Co. v. Prentiss* (1917), 277 Ill. 383, 387, 115 N.E. 554, 556, it was held:

> "A party has the legal right to bring his action in any court which has jurisdiction of the subject matter and which can obtain jurisdiction of the parties. *** The mere pendency of a suit in a sister State or in a court of the United States cannot be pleaded in abatement of the proceedings in a State court. *** [I]t is only where it clearly appears that the prosecution of an action in a foreign State will result in a fraud, gross wrong or oppression, that a court of equity will interfere with the general right of a party to press his action in any jurisdiction which he may see fit and in as many of them as he chooses and restrain him from the prosecution of such a suit."

The record in this case does not disclose that any lawsuit that might be filed in Florida will likely result in fraud, gross wrong, or oppression or cause any undue interference with the prior custody modification proceeding. Therefore, respondent has not stated facts which would entitle him to injunctive relief.

The UCCJA and the PKPA both contemplate the possibility of a court with jurisdiction declining to exercise jurisdiction and conceding jurisdiction to a court of another State. Petitioner should be permitted to file in Florida a petition for leave to move the child to Florida and then to request Illinois to concede jurisdiction to Florida. The injunction prevents her from filing an action in Florida and thereby interferes with any attempt to obtain a concession of jurisdiction. Respondent does not have any right to prevent petitioner from seeking a concession of jurisdiction, and therefore respondent did not establish the requisite element of a certain and clearly ascertained right in need of protection. (*Junkunc v. S.J. Advanced Technology & Manufacturing Corp.* (1986), 149 Ill. App. 3d 114, 118, 498 N.E.2d 1179 (one seeking a preliminary injunction must establish by a preponderance of the evidence that, among other elements, he has a certain and clearly ascertained right that needs protection).) The trial court erred in ordering the injunction.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

GREIMAN, J., concurs.

JUSTICE TULLY, dissenting:

In this case, no permission had been granted by the Cook County court for the removal of the minor child to Florida. According to respondent, his former wife indicated that he would have to incur additional expenses and legal fees knowing that she had removed herself and the child to Florida.

At the hearing on petitioner's preliminary injunction, Reinhold testified that Mary had told him to "plan on spending a lot of time and money in Florida because she was going to file a suit there." Reinhold further testified that he did not have the funds to defend a lawsuit in Florida and that his relationship with his son would be affected because he would not be able to visit him in Florida. Counsel for Mary argued that both the temporary restraining order and a preliminary injunction would be improper since she had not yet filed any action in Florida.

Respondent posits that this matter is governed by the Federal Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A (1988), which provides guidelines for avoiding "jurisdictional competition and conflict between State courts." (Pub. L. No. 96—611, 94 Stat. 3569, § 7(c)(5).) The PKPA provides as follows:

> "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—
>
>> (1) it has jurisdiction to make such a child custody determination; and
>>
>> (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.
>
> (g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination." 28 U.S.C. §§ 1738A(f), (g) (1988).

Reinhold argues that, under the PKPA, only the State of Illinois can have jurisdiction over a custody proceeding of his son, since he filed a petition for modification of custody in Illinois, which is still pending in the trial court. I agree. Although the PKPA itself confers no power upon this court to enjoin other proceedings, this court has an inherent equitable power to enjoin parties over whom it has proper jurisdiction from participating in parallel proceedings in other courts. Clearly, the PKPA was intended to prevent the very actions taken by petitioner in moving custody of the minor child to another State, in direct violation of the Illinois court. Petitioner concedes in

her brief that the custody of the minor is governed by the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1989, ch. 40, par. 2101 *et seq.*) (UCCJA), which provides a specific means of resolving conflicts between competing custody suits in multiple forums with arguable jurisdiction. (Ill. Rev. Stat. 1989, ch. 40, par. 2104(a).) Possible qualifying jurisdictions include: (1) the child's home State; (2) the State with the most significant connection with the child in which substantial evidence is available concerning the child; or (3) certain emergency choices. Section 4(b) provides that Illinois retains previously acquired jurisdiction and also contains a transfer procedure to be used if the child is removed from the State.

It is undisputed by the parties that Mary failed to utilize proper transfer procedures in obtaining the permission of the Illinois courts to transfer the custody of her son to Florida. It is the position of this court that since there was a *joint custody* arrangement made by the parties, and since that joint custody encompassed a dissolution of marriage settlement and agreement for specific visitation, namely, one afternoon or evening a week and alternate weekends with the father, that the rights to visitation now have been effectively obliterated by the move to Florida. It is also to be noted that under the Illinois Child Custody Jurisdiction Act, Reinhold has a right to a court hearing in Illinois, regarding the removal of the child to Florida. It could be a generalized, nonspecific type of permission which does not identify the locale where the child would reside. However, in this case, the order indicated that Mary was given permission as one of the *joint custodial* parents to remove the child to Texas subject to the reasonable visitation provisions that were given to the father.

Providing for a child's general welfare has been found to be a protectional interest for the purpose of determining if a clearly ascertainable right exists. (*In re Marriage of Stamberg* (1991), 218 Ill. App. 3d 333, 578 N.E.2d 261.) Tampering or interfering with the income that would otherwise possibly be available for the support of the child, by virtue of removal of the child, creates an additional burden or detriment upon the noncustodial or, in this case, the joint custodial parent who is supporting the child. This works to the detriment of the best interests of the child.

Illinois courts have held that one parent residing in Illinois constitutes a sufficient, significant contact with the State to retain jurisdiction. (*In re Marriage of Bass* (1988), 176 Ill. App. 3d 249, 530 N.E.2d 717.) In fact, where a husband retains joint custody and the children are to spend substantial visitation with their father, Illinois may retain jurisdiction over the custody matters because there is substantial evidence concerning the children's care, protection and

relationships in Illinois. (*In re Marriage of Hilliard* (1989), 178 Ill. App. 3d 620, 533 N.E.2d 543; see also *In re Marriage of Kehres* (1987), 164 Ill. App. 3d 148, 517 N.E.2d 617.) In *In re Marriage of Godwin* (1982), 104 Ill. App. 3d 790, 433 N.E.2d 310, the mother objected to the jurisdiction of the Illinois courts over a custody modification proceeding. The record indicated that the mother removed herself and the child from Illinois to Florida without the court's permission. The court found that "[o]ne of the stated purposes of the Act is to deter such unilateral action by a parent." *Godwin*, 104 Ill. App. 3d at 792, 433 N.E.2d at 312.

We conclude that any custody matter in this case should be heard in Illinois for the following reasons: (1) there was a *joint custody* situation; (2) there was a specific order given, granting petitioner permission to remove the child to Texas; and (3) petitioner should not be allowed to take advantage of a specific court order by circumventing it with the move to Florida. We should not reward people who are violating court orders, which would be the case in this instance, if we dissolve the preliminary injunction entered by the trial court.

Finally, there are enough contacts in Illinois, since this marriage emanated from Illinois and it ended in Illinois. Moreover, the father resides in Illinois and he is the *joint custodial parent* in this matter along with his ex-wife. He has been visiting his child and there are family and friends and various matters that pertain to the best interest of the child in Illinois. There are people who have known these individuals their entire lives in Illinois who can testify as to the best interests of the child and as to which parent should eventually have physical custody of the child. There is a suit currently pending in Illinois for the modification of custody. It should be heard in Illinois rather than the opportunity being afforded to a sister State to hear the litigation, because in this instance, the suit was first filed in Illinois. There were no suits pending in any other jurisdiction. Moreover, petitioner, by removing herself and the minor child from Texas to Florida, without obtaining permission from an Illinois court, attempted to circumvent the child custody laws and the jurisdiction of this State. The *joint custody* situation created by the State legislature was designed to protect *both* parents and to make the dissolution of marriage a little more palatable to the people involved.

For all of the aforesaid reasons, I must respectfully dissent from the majority view.