FOURTH DIVISION
May 18, 2006

Nos. 1-05-2858 and 1-05-2873 (Cons.)

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | |
| VIRGINIA HORGAN, f/k/a | ) | Appeal from |
| Virginia Romans, | ) the Circuit Court | |
| | ) | of Cook County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable |
| VINCENT ROMANS, | ) | Mark Joseph Lopez, |
| | ) | Judge Presiding. |
| | | Respondent-Appellant. |
| | ) | |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Respondent Vincent Romans petitioned this court for leave to appeal pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), from an order of the circuit court declining jurisdiction over the issues regarding visitation between the parties and their minor child, and electing to allow the State of New York to exercise jurisdiction pursuant to the inconvenient forum provision of the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) (750 ILCS 36/207)(West 2004)).  We granted respondent's petition and, on appeal, respondent contends that: (1) the State of Illinois must retain jurisdiction over these issues pursuant to the "Exclusive, Continuing Jurisdiction" provision of the UCCJEA (750 ILCS 36/202 (West 2004)); (2) the removal and visitation order, agreed upon by the parties, contained a forum-selection clause, requiring that jurisdiction remain with the State of Illinois; and (3) the circuit court improperly applied a "best interests of the child" standard in reaching its decision.  For the reasons stated, we affirm the order of the circuit court.

## I.  BACKGROUND

The parties were married on October 15, 1991, and their only minor child, Katherine, was born on April 13, 1994.  The parties were divorced on May 3, 1999, by entry of a bifurcated judgment of dissolution of marriage, which granted sole custody of the child to petitioner.  On June 28, 2000, the circuit court entered a supplement to the bifurcated judgment for dissolution of marriage, which awarded respondent parenting time on alternate weekends, every Wednesday evening, and alternate holidays.

1-05-2858 and 1-05-2873 (Cons.)

On July 16, 2001, the circuit court entered an agreed removal order, which granted petitioner leave to permanently remove the child from Illinois to New York. On January 29, 2003, the court entered a removal and visitation order, which provided visitation time for respondent with the child in both New York and Chicago. According to this order, respondent was to have parenting time on one weekend per month in Chicago, one weekend per month in New York, alternate holiday visitation, and extended summer vacation.

According to petitioner, in 2004, the child began exhibiting emotional problems with respect to her visitation arrangement with respondent. After one particularly serious instance in December 2004, in which petitioner alleges that she had to physically compel the child to get ready for her flight to Chicago after the child screamed, cried, and refused to leave her bed, petitioner took the child to see Laura DeNofio, a clinical social worker in New York. The child saw Ms. DeNofio three more times between December 2004 and February 2005.

On February 17, 2005, petitioner filed a motion to decline jurisdiction and transfer adjudication of visitation issues to the State of New York (motion to transfer). In addition to highlighting the child's emotional issues, petitioner alleged that Illinois was an inconvenient forum in which to determine the visitation issues and that the circuit court should elect to decline jurisdiction over these issues pursuant to the inconvenient forum provision of the UCCJEA (750 ILCS 36/207(West 2004)).

On February 18, 2005, after the child became upset upon being told she had to go to Chicago to visit respondent, Ms. DeNofio sent the child to the

emergency room of a hospital in New York. After the child was released, Ms. DeNofio contacted respondent to request that he schedule a therapy session with herself and the child in New York so that they could attempt to resolve the child's issues. On February 22, 2005, respondent filed an emergency petition for an evaluation, arguing that, rather than he being required to travel to New York, the child should be required to travel to Chicago for any evaluation. The circuit court agreed, temporarily abated respondent's visitation with the child, and appointed Dr. Louis Kraus to perform the evaluation in Chicago.

On June 5, 2005, respondent filed a petition for visitation to resume. The petition was based on Dr. Kraus's report, which stated that there was no reason that parenting time should not occur between respondent and the child. The petition was granted by the circuit court, which ordered that respondent be allowed his regularly scheduled parenting time during the child's summer vacation.

On July 20, 2005, respondent filed an answer to petitioner's motion to transfer, arguing that the State of Illinois was the appropriate forum, and alleging that petitioner was actively interfering with his visitation with the child and not properly discouraging the child's emotional outbursts. The circuit court heard arguments on the motion on August 3, 2005, and rendered its decision on August 12, 2005. The court found that the balance of factors enumerated in the inconvenient forum provision of the UCCJEA weighed in favor of New York as a more appropriate forum for determining the visitation issues. After the circuit court denied respondent's motion to stay the court's August 12 order, respondent

1-05-2858 and 1-05-2873 (Cons.)

filed a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)). On September 9, 2005, we granted respondent's petition for leave to appeal.

## II. ANALYSIS

### A. The UCCJEA and the UCCJA

As an initial matter, we note that the cases relied upon by both parties, and indeed all of the present cases involving inconvenient forum determinations in this area, were decided under the predecessor to the UCCJEA, the Uniform Child Custody Jurisdiction Act (UCCJA) (750 ILCS 35/1 et seq.)(West 1996)), which was repealed by operation of the UCCJEA on January 1, 2004.

The inconvenient forum provision under the now-repealed UCCJA provided:

"(a) A court which has jurisdiction under this Act to make an initial or modification judgment may decline to exercise its jurisdiction any time before making a judgment if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

***

"(c) In determining if it is an inconvenient

forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction.  For this purpose it may take into account the following factors, among others:

(1) if another state is or recently was the child's home state;

(2) if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

(3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) if the parties have agreed on another forum which is no less appropriate; and

(5) if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in Section 2 of this Act."  750 ILCS 35/8(a) (West 1996) (repealed by Pub. Act. 93-108 §404, eff. January 1, 2004).

The UCCJEA inconvenient forum provision, effective January 1, 2004, abrogated the foregoing provision in the UCCJA.  Section 207 of the UCCJEA provides:

"(a) A court of this State which has jurisdiction under this Act to make a child-

1-05-2858 and 1-05-2873 (Cons.)

custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

(b) Before determining whether it is an inconvenient forum, a court of this State shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this State;

(3) the distance between the court in this State and the court in the state that would assume jurisdiction;

1-05-2858 and 1-05-2873 (Cons.)

(4) the relative financial circumstances

of the parties;

(5) any agreement of the parties as to

which state should assume jurisdiction;

(6) the nature and location of the

evidence required to resolve the pending litigation, including

testimony of the child;

(7) the ability of the court of each

state to decide the issue expeditiously and

the procedures necessary to present the

evidence; and

(8) the familiarity of the court of

each state with the facts and issues in

the pending litigation." 750 ILCS 36/207

(West 2004).


B.  Exclusive, Continuing Jurisdiction


As a threshold matter, respondent argues, and petitioner agrees, that

Illinois has exclusive and continuing jurisdiction over this matter pursuant to

section 202 of the UCCJEA.[1]  However this assertion does not resolve the issue

---

[1] This section of the UCCJEA states:

"Exclusive, Continuing Jurisdiction. (a) Except as otherwise provided in Section 204, a

1-05-2858 and 1-05-2873 (Cons.)

of whether Illinois is an inconvenient forum. Section 207(a) of the UCCJEA allows any "court of this State *which has jurisdiction*" to decline to exercise that jurisdiction if it determines that it is an inconvenient forum and that a court of another state is a more appropriate forum. (Emphasis added.) 750 ILCS 36/207(a)(West 2004). Thus, even assuming the circuit court has exclusive and continuing jurisdiction over the visitation issue in this case, it may nonetheless decline to exercise that jurisdiction upon a finding that it is an inconvenient forum under section 207 of the UCCJEA.

C. Forum Selection Clause and Inconvenient Forum Determination

court of this State which has made a child-custody determination consistent with Section 201 or 203 has exclusive, continuing jurisdiction over the determination until:

(1) a court of this State determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or(2) a court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.(b) A court of this State which has made a child-custody determination and does not have exclusive, continuing jurisdiction under this Section may modify that determination only if it has jurisdiction to make an initial determination under Section 201." 750 ILCS 36/202 (West 2004).

1-05-2858 and 1-05-2873 (Cons.)

Respondent next argues that the removal and visitation order contained a binding forum-selection clause that precludes judicial determination of the appropriate forum for the underlying visitation issues in this case. To support this argument, respondent relies primarily on In re Marriage of Hilliard, 178 Ill. App. 3d 620 (1989), a case decided under the UCCJA. The appellate court in Hilliard applied the five-factor balancing test articulated in the inconvenient forum provision of the UCCJA, and, finding the fourth factor, an agreement of the parties, to be overriding, upheld the circuit court's denial of the petitioner's motion to transfer. Hilliard, 178 Ill. App. 3d at 623.

Respondent would have us apply the holding in Hilliard to find that, any time the parties have agreed to a forum for subsequent proceedings, such a forum selection should trump the other factors to be balanced by the circuit court pursuant to the UCCJEA inconvenient forum provision. To do so would contradict the statutory language of section 207. On its face, section 207 bestows on the trial court the discretion to receive all the relevant information, examine the totality of the circumstances, and balance the enumerated factors to arrive at a determination of whether another forum would be more convenient to the parties. The fifth factor in section 207 specifically allows the circuit court to consider "*any agreement of the parties* as to which state should assume jurisdiction" alongside and with equal importance as the other seven factors. (Emphasis added.) 750 ILCS 36/207(b)(5) (West 2004).

Because a finding of inconvenient forum is the product of an exercise of the circuit court's discretion, it will be affirmed unless the reviewing court finds an

1-05-2858 and 1-05-2873 (Cons.)

abuse of discretion.  In re Marriage of Blanchard, 305 Ill. App. 3d 348, 353 (1999).  The circuit court in this case outlined in the order of August 12, 2005, its findings with respect to each of the eight enumerated factors in section 207 of the UCCJEA.  The order stated that no domestic violence has occurred between the parties; the child has resided in New York in excess of four years; there is a great distance between New York and Chicago; both parties have the necessary means to finance litigation in either forum; the parties agreed that Illinois would be considered the child's home state; evidence relevant to the proceeding existed in both Illinois and New York; New York would be better situated to decide the issues expeditiously because allowing a New York court to address these issues would present the least amount of disruption to the child's daily life, her clinical social worker is in New York, and, should the court need to appoint a representative for the child, it would be best if that representative was a resident of New York; and the State of Illinois currently has jurisdiction and more familiarity with the pending issues.  The record shows that the circuit court balanced the requisite factors and determined that Illinois was an inconvenient forum and that New York was a more appropriate forum.

Respondent argues that the circuit court impermissibly applied a "best interests of the child" standard in determining whether Illinois is an inconvenient forum.  However, respondent's assertion is not reflected in the circuit court's order.  The court followed the mandate of section 207 of the UCCJEA, analyzing the entire matrix of enumerated factors and attaching varying importance to each as is within the court's discretion.  The mere fact that the circuit court gave

1-05-2858 and 1-05-2873 (Cons.)

greater weight to some of the factors, that, in addition to bearing on the convenience of the forum, may also as an ancillary matter bear on the best interests of the child, does not constitute an abuse of discretion in this case. We further note that the best interests of the child are always paramount in such proceedings. See Fisher v. Waldrop, No. 100443, slip op. at 12 (April 20, 2006).

### III. CONCLUSION

For the above reasons, we affirm the order of the circuit court declining to exercise jurisdiction and allowing the State of New York to exercise jurisdiction over the issue of visitation.

Affirmed.

CAMPBELL and GREIMAN, JJ., concur.